Story, Justice,
delivered the opinion of the court. — This case comes before the court by a writ of error to the circuit court for the district of Georgia. The original action was an ejectment, brought by the plaintiff in error, against the defendants ; and at the trial in November term 1829, a bill of exceptions was taken, which raises the only questions which are now before us for consideration.
The-bill of exceptions states, that the plaintiff offered in evidence, in support of his title, an exemplification, under the seal of the state of Georgia, of a grant or patent to Basil Jones, of a tract of 7300 acres of land, dated the 24th of May 1787, and registered the 5th of June, of the same year, in the registry of grants in the secretary of state’s office. The defendants objected, that the exemplification could not be received, until the original patent was *proved to be lost or destroyed, or the non-production *240] thereof otherwise legally explained or accounted for ; which objection the court sustained, and rejected the evidence. The plaintiff then exhibited a notice, served on the opposite party, to produce the original grant, and also an original power of attorney from Basil Jones to Thomas Smith, jr., dated the 6th of August 1793, to sell' and convey (among other tracts) the tract in question. And also offered an affidavit, duly sworn to by the plaintiff, in Ootober 1821, that he had'not in his possession, power or custody, the said original grant or power of attorney, and knew not where they were ; and that he had made diligent search among the papers for the said grant and power, and they could not be found. He further offered depositions to prove, that search had been made for the papers of Thomas Smyth, by whom, as attorney in fact of Jones, the land had been conveyed to Patterson, and that no papers could be found. He further proved, that he had made search for the original grant or patent in the office of the secretary of state, and the book or register of surveys in the office of the surveyor-general of Georgia, and that the same could not be there found. And he further proved, by a witness, that the exemplification was a true copy from the register of grants and plats in the said offices. He further proved, that search had been made among the papers of Basil Jones, in the possession of his widow ; and among the papers of George Walker, deceased, who, as counsel for the plaintiff, had once had the muniments of his, the plaintiff’s, title in his possession ; and also in the office of the clerk of Richmond superior court, where the power of attorney was recorded ; but without success. He also proved, that he had, by public advertisement, in two gazettes of the state of Georgia, offered a reward for the production of *155 the said grant or patent, but no discovery had been made ; and that he had searched the executive office of Georgia for the same, and had examined the lists of grants or patents, to which the great seal of the state had been ■ refused to be annexed, but the grant to Jones was not found noted upon 1 that list, as one of that description. And the plaintiff then moved the court to admit the said exemplification in evidence, the loss or destruction of the original having been sufficiently proved ; which the court refused. The plaintiff excepted to the ruling of the court upon both points.
*The first exception presents the question, whether the exem- p,. ... plification, under • the great seal of the state, was, per sc, evidence, *- without producing or accounting for the non-production of the original; and we are of opinion, that it was. The common law is the law of Georgia; and the rules of evidence belonging to it are in force there, unless so far as they have been modified by statute, or controlled by a settled course of judicial decisions and usage. Upon the present question, it does not appear, that Georgia has ever established any rules at variance with the common law ; though it is not improbable, that there may have been, from the peculiar organization of her judicial department, some diversity in the application of them, in the different circuits of that state, acting, as they do, independent of each other, and without any common appellate court to supervise their decisions. We think it clear, that by the common law, as held for a long period, an exemplification of a public grant, under the great seal, is admissible in evidence, as being record proof of as high a nature as the original. It is a recognition, in the most solemn form, by the government itself, of the validity of its own grant, under its own seal; and imports absolute verity, as matter of record.
The authorities cited at the bar fully sustain this doctrine. There was, in former times, a technical distinction existing on this subject, which deserves notice. As evidence, such exemplifications of letters-patent seem to have been generally deemed admissible. But where, in pleading, a proferí was made of the letters-patent, there, upon the principles of pleading, the original, under the great seal, was required to be produced ; for a proferí could not be of any copy or exemplification. It was to cure this difficulty that the statutes of 3 Edw. VI., c. 4, and 13 Eliz., e. 6, were passed, by which, patentees, and all claiming under them, were enabled to make title in pleading, by showing forth an exemplification of the letters-patent, as if the original were pleaded and set forth. These statutes being passed, before the emigration of our ancestors, being applicable to our situation, and in amendment of .the law, constitute a part of our common law. A similar effect was given by the statute of 10 Ann., c. 18, to copies of deeds of bargain and sale, enrolled under the statute of Hen. VIII., when offered *by way of proferí in pleading ; and since that period, a copy of the t*oao enrolment of a bargain and sale is held as good evidence as the original L itself. 1 Phil. Evid., ch. 5, § 2, p. 208-302 ; ch. 8, § 2, p. 352-6 ; 408-11 ; Bac. Abr. title Evidence, F. p. 610, 644, 646 ; Com. Dig. Evidence, A, 2 ; 1 Stark. Evid. § 33, p. 152 ; 2 Saund. Plead. & Evid. 638 ; Page’s Case, o Co. 53 ; 12 Vin. Abr. tit. Evidence, A, b, 25, p. 97 ; A, b, 33, p. 114 ; 1 Saund. 189, note 2. Such, then, being the rule of evidence of the common law, in respect to exemplifications, under the great seal, of public grants, the application of it to the case now at bar will be at once perceived; *156 since, by the laws, of Georgia, all public grants are required to be recorded in the proper state department.
The question, presented by the other exception, is, whether under all the circumstances of the case (even supposing the exemplification of the grant had not been admissible in evidence, upon the principles already stated), there was not sufficient proof of the loss of the original, to let in the .secondary evidence, by a copy of the grant.' It is understood, that the court decided this point wholly upon the ground, that the affidavit of Patterson did not conform to a rule made by the court in December 1823. That rule is in the following words, “ whenever a party wishes to introduce the copy of a deed or grant in evidence, the oath of the party, stating his belief of the loss or destruction of the original, and that it is not in his possession, power or custody, shall be indisimnsable, in aid of such evidence as he may adduce to prove the loss.” Patterson’s affidavit was made before the making of this rule (in 1821), and the defect in it is, that it does not' contain any declaration of his belief as to the loss or destruction of the original.
It might not be important to decide this jjoint, if it were not understood, that the same objection applied to the copy of the power of attorney in the case, as to the copy of the grant. We think, that the affidavit and other circumstances of the case were sufficient to let in the secondary evidence. The grant and power of attorney were of an ancient date ; the former being more than forty years old, and the latter but a little short of that *2431 sinoe the execution. Some presumption *of loss might naturJ ally arise, under such circumstances, from the mere lapse of time. There appeared also to have been a very diligent search in all the proper places, and among all the proper persons, connected with the transactions, ■ to obtain information of the existence or loss of the papers. The affidavit of Patterson explicitly denied any knowledge, where they were, and declared, that they were not in his possession, power or custody. We think, that according to the rules of evidence at the common law, this preliminary proof afforded a sufficient presumption of the loss or destruction of the originals, to let in secondary proof ; and that it was not competent for the court to exclude it, by its own rule. However convenient the rule might be to regulate the general practice of the courts, we think, that it could not control the rights of the parties in matters of evidence, admissible by the general principles of law.
The judgment must therefore be reversed, and the cause remanded to the circuit court, with directions to award a venire facias de novo.