No. 11.—Samuel J. Boyce, plaintiff in error, *vs.* Joseph F. Burchard, defendant in error.

[1.] A bill was filed praying for injunction and receiver. The bill was answered. The complainant filed affidavits in support of his bill, and gave the defendant notice of them. On the hearing of the motion for granting the injunction and appointing the receiver. The complainant in further support of his bill, offered to read other affidavits, and of which he had given no notice to the defendant; and also offered oral evidence. The Judge refused to receive either these affidavits, or the oral evidence.

*Held,* that the decision ought not to be disturbed.

[2.] When one partner in violation of his duty as partner, mismanages the partnership business to the great detriment of the partnership, and is insolvent, the other partner is entitled to a dissolution of the partnership, and to the appointment of a receiver.

In Equity in Richmond Superior Court. Decision by Judge Holt. November Term, 1856.

On the 29th August, 1856, Samuel J. Boyce filed his bill against Joseph F. Burchard. The prayer of the bill was for an injunction, the appointment of a receiver, account and dissolution of the firm of J. F. Burchard & Co., which was composed of complainant and defendant. In pursuance of notice, a motion was made before Judge Holt, at chambers, on the 2d day of September, 1856, for an injunction and the appointment of a receiver, and upon said day, after argument had, the Judge passed an order allowing the injunction, but

directed the motion as to the "appointment of a receiver to be suspended for a reasonable time, to allow an opportunity to the defendant to make answer, and to show why it should not be granted."

To which order granting the injunction, defendant excepted and assigned error. *See case of J. F. Burchard vs. Samuel Boyce, p.* 6.

Afterwards, on the 4th November, 1856, the motion for the appointment of a receiver was renewed by complainant, and objection being made by defendant to the hearing of the same, the Judge, after consideration, ordered the argument to proceed. At the regular term of the Superior Court of Richmond county, said motion was again called up by complainant; defendant proceeded to read his answer, and insisted that he was entitled to open and conclude the argument, to which complainant objected—the Court overruled complainant's objection, and decided that defendant was entitled to open and conclude, and complainant excepted and assigns error thereon.

Complainant then moved the Court for leave to read certain affidavits, supporting the allegations of his bill, some of which defendant had notice of, prior to the second September, 1856, and also for leave to examine certain witnesses orally for the same purpose. The Court allowed the affidavits of which defendant had notice to be read, but refused to hear other affidavits, or to hear oral testimony, to which refusal complainant excepts, and assigns error thereon.

Upon application of defendant the Court allowed until the last day of the Term for him to file counter affidavits, and afterwards, on the 20th December, 1856, being the last day of the Term, again called up said motion. Defendant's counsel asked for a further postponement, on the ground of the absence of their client; that he had informed one of his counsel that he had important letters from complainant relating to the case, and had exhibited these letters to said counsel. That defendant was then in the State of Virginia, and

was thence going to the North. Counsel for complainant were heard in reply to this application for further delay, but the Court, without hearing them on the main question arising upon the bill, answer and affidavits, announced his refusal to pass the order, for the appointment of a receiver, in the following words or words to the same effect: "Gentlemen, the Court is prepared to decide this question at once, and does so the more promptly because it is obvious this case must go to the Supreme Court and be decided by that tribunal. I refuse the motion for the appointment of a receiver, on the ground, that complainant has taken possession of the partnership goods and effects since this application was originally made." To which decision and the manner of making it, and because complainant had not been heard, and desired to be on that question, complainant by his counsel excepted, and assigns error thereon.

The following was added to the bill of exceptions by Judge Holt:

"I certify the above bill of exceptions without alteration, because in the main, it is correct. Exception is taken to the manner of the decision, as well as the decision itself. The decision was a refusal of the prayer of the bill to appoint a receiver of the effects of the firm of Burchard & Co. This refusal was made on the ground of complainant's conduct since the bill was filed, which in the opinion of the Court, deprived him of whatever equity he may have originally had. The decision was made by the Court, not until it had supposed the case had been fully argued; and it was promptly made, that the final issue of the case might not be delayed, as it was obvious that delay would be ruinous to all parties, and it had been repeatedly intimated, that the case would have to be decided by the Supreme Court, to which Court an appeal from one order in the cause had been already taken.

WM. W. HOLT, Judge."

MILLERS & JACKSON, for plaintiff in error.

GOULD & STARNES, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The complainant gave the defendant notice, that he would on a certain day, move for an injunction and the appointment of a receiver. On that day, the Judge took up the motion, granted the injunction, and as to the appointment of a receiver, passed an order that "the motion for the appointment of a receiver be suspended for a reasonable time, to allow an opportunity to the defendant to make answer, and show why it should not be granted."

The defendant answered the bill.

Afterwards the motion was renewed by the complainant, and the Judge again took it up, and in doing so, he gave the defendant the right to open and conclude the argument of the motion: Was that proper?

The answer to this question depends on the import of the order aforesaid, suspending the motion. If the import of that order was, that a receiver would be appointed *unless* the defendant should show cause by answer, why one should not be appointed, then the Judge was right in giving the opening and conclusion, to the defendant. The party called on to show cause, is the party entitled to open and conclude.

The order is such, that it is certainly well susceptible of this import. And this doubtless is the import imputed to it by the Judge, as he gave the opening and conclusion to the defendant.

And certainly, this Court ought not to disturb the interpretation of an order, put upon the order by the Judge who made the order, if that interpretation be one of which, the order is well susceptible.

This Court, therefore, cannot say that the Judge erred in

giving the opening and conclusion of the argument, to the defendant.

[1.] Nor can this Court say that the Judge was wrong in refusing to hear the oral evidence and certain of the affidavits.

There must be a point at which *aliunde* supports to bill or answer must cease to be receivable. And this Court sees in this case nothing going to show, that the point selected by the Court below, was not as good a one as any other. Let the war of affidavits be ordered as it may, one party or the other has to be deprived of the last fire.

The plaintiff in error complains that the Judge decided the motion against him, without hearing the argument of his counsel on the motion. The Judge, " supposed the case had been fully argued."

But even if the plaintiff in error were right in the fact, what can this Court do for him? Can this Court make the Judge listen to an argument? And, suppose that the Judge decided right without hearing argument, is the decision not to stand? or, that he decides wrong, will not a reversal by this Court be all that could be required? Must there be a reversal and an argument too, before the Judge?

[2.] This brings me to the main question, and that is, whether the Judge was right in refusing to appoint a receiver.

Was the case one to call for a receiver?

The case, as stated by the bill, was made up of many particulars. Some of these were supported by the affidavits of third persons ; many of the particulars were denied by the answer. On a consideration of the bill, affidavits and answer, we think that the following particulars may be regarded at least, *prima facie*, as true.

1st. On the first of January, 1855, a partnership commenced between Boyce, Burchard and Ward. In the course of that year, Boyce put into the partnership, between $18,000 and $20,000, as his part of the stock. In February 1856,

Ward died; and soon afterwards, a new partnership was formed by and between the surviving partners, Burchard and Boyce. In this partnership, Boyce put in $10,000 worth of stock, consisting in what had, in part, constituted his stock in the old partnership. Boyce had no participation in the management of either partnership; the first having been managed exclusively by Burchard and Ward, the last exclusively by Burchard. It does not appear that Boyce ever drew anything as stock out of the first partnership, except what he put into the second partnership, as his stock in that partnership. In August, 1856, the bill was filed. At this time the partnership had become *insolvent*, that is to say, the partnership under Burchard's management, had become insolvent in a trifle over six months.

2d. Burchard is insolvent.

3d. Boyce is solvent.

4th. Burchard, from time to time, during the existence of the two partnerships, paid two and a half per cent. for accommodation endorsements for the partnerships, to such an extent, that the whole amount paid out by him reached at least as much as four or five hundred dollars.

5th. In May, 1856, Burchard made in the cash book of the firm, this entry—"Lent $500"; and about the 1st of June, 1856, told the book-keeper, that the $500 had been returned, but refused to let the book-keeper make an entry to that effect. Yet, in the absence of such an entry, the cash was minus, instead of being plus by $500.

6th. All friendship or confidence between the partners is irretrievably gone, and Boyce has, since the filing of his bill, excluded Burchard from participation in the possession of the partnership effects.

Now we think that out of these particulars is made a case for a dissolution and a receiver. *See.* 3. *Dan'l. Ch. Pr.* 418, 419, 420, *and cases there cited.*

If Burchard would acquiesce in a dissolution, and in the exclusive possession and management of the partnership

effects by Boyce, then of course, there would be no cause for a receiver; but this he will not do.

This being so, it is manifest, that notwithstanding the illegal conduct of Boyce, nothing but a receiver will meet the wants of the case. In no other way is it practicable for the affairs of the concern to be quietly, peaceably, and speedily wound up. And of all ends this is the one, that the rights and interests of both partners, and of the creditors, most demand.

We think, therefore, as the case stood, the Judge should have appointed a receiver.

Judgment reversed.