## HUFF *vs.* MARKHAM.

[This case was argued at the last term, and the decision reserved.]

1. The hearing of an application for injunction was continued from the thirteenth until the nineteenth of January, an order being passed at the time of the continuance "that if either party desires to present additional affidavits, they be shown to the adverse party at least two days before the hearing." Affidavits were filed under this order. One affidavit of complainant was filed on the day of the hearing and was not submitted to the adverse party. A portion of this affidavit, which was merely in rebuttal and contradictory of an affidavit which had been read in behalf of defendant the previous week, and the maker of which was not present, was excluded:

*Held*, that this was not error. The ruling of this court has gone to the extent of rejecting all affidavits not filed, and of which no notice has been given to the adverse party.

2. The failure of a tenant to pay rent gives the landlord the right of immediate re-entry and dispossession. Where a tenant holds possession of lands or tenements beyond the term for which they were rented or leased to him, or fails to pay the rent when due, and the owner shall desire possession, he has a plain remedy by warrant to dispossess such a tenant. The tenant may arrest the proceed-

ings and prevent the removal by declaring that his term has not expired, or that the rent claimed is not due, and giving bond.

(*a.*) Whether or not the act of 1866, authorizing the issuance of a warrant to dispossess a tenant for non-payment of the rent, was originally subject to objection on the ground that it contained matter in its body different from what was expressed in its title, after this act had been incorporated in Irwin's Code as a part of the statute law of the state, and after that body of law had been recognized both by the constitution of 1868 and that of 1877, the laws so codified cease to be amenable to such objection.

3. Violations of independent covenants by a landlord will not require an injunction to restrain a proceeding to dispossess a tenant holding over; especially in the absence of any charge of insolvency.

February 27, 1883.

Equity. Injunction. Landlord and Tenant. Constitutional Law. Before Judge HAMMOND. Fulton county. At Chambers. January 20, 1883.

Reported in the decision.

LYON & GRESHAM; HAWKINS & HAWKINS; F. J. M. DALY, for plaintiff in error.

E. N. BROYLES; ABBOTT & GRAY, for defendant.

CRAWFORD, Justice.

The defendant in error, William Markham, on January 2, 1883, as landlord, sued out a warrant to dispossess Wm. A. Huff, his tenant, of certain premises therein described, upon the ground of the failure of the tenant to pay the rent when the same became due. This warrant was met by the bill in equity which is the subject-matter of the writ of error in this case. The bill charges that the property in question was a hotel, and had been leased for the term of five years, with the privilege of a renewal for a like term of years that, in pursuance of said lease, the occupancy of the premises by the tenant and the partner who was then with him began; that the contract of lease had been faithfully kept and performed by the lessees

during their joint occupancy, and by the present tenant since their dissolution; that, in order to realize a profit from the said premises, in view of the length of his term of lease, the present tenant proceeded to supply the said hotel with better furniture and accommodations than it had when it was taken charge of under the lease, and to improve the property in all respects, and continued to do so until he had expended the sum of about $21,000, all of which had gone to add to the comfort and the improvement of the said hotel, and to make it more attractive to guests and patrons; that whilst he was thus appropriating his own means, the landlord not only failed to perform his part of the contract under the lease, but was engaged in doing him many other wrongs and injuries, all of which are specifically charged and fully set forth in complainant's bill of complaint, and from which said failure to perform his contract, and other wrongs and injuries committed by the landlord against the said tenant, he has been rendered unable to pay the rents due under the said lease as they become due and payable; that the said failure of the landlord to keep his covenants, and his injurious and wrongful conduct to complainant and his business, and the suing out of this warrant, have completely broken down the contract of lease in his favor, and made him liable to pay complainant as damages, all that he has put into said property on the faith of said landlord's covenant to be kept by him, as well as all damages suffered by reason thereof; and that, until this be done, the said landlord be enjoined from dispossessing him, and that a full accounting be had, and a decree rendered settling the rights and equities of both parties.

To this bill the respondent filed general and special demurrers, as also his answer; by the last of which he denied all the charges as set forth in complainant's bill against him, and prayed to be discharged, etc.

The parties supported the bill and answer by numerous affidavits, all of which are contained in the record, though

not material to be recited here. The chancellor, upon considering the bill, answer and affidavits, and after argument had thereon, refused the injunction prayed for, and the complainant excepted.

1. The first assignment of error is the refusal of the chancellor to allow an affidavit of the complainant to be read in full, as insisted upon by his counsel, and confining them to such parts only as the defendant, who was present, could reply to. The record shows that the hearing of the application had been continued from the 13th to the 19th day of January; and on the day of the continuance it was " ordered that, if either party desires to present additional affidavits, they be shown to the adverse party at least two days before the hearing." The affidavit offered was filed on the very day of the hearing, and the chancellor certifies that the portions excluded were solely in rebuttal and contradictory of an affidavit of one Rogers, which had been read the week before, and as it had not been submitted to the adverse party, as required by the order, he rejected it.

The rejection by the chancellor of the portions of the affidavit referred to was not erroneous; indeed the rule, as laid down by this court, goes to the extent of rejecting all affidavits not filed and of which no notice has been given to the adverse party. In the case of *Boyce vs. Burchard*, 21 *Ga.*, 74, where affidavits were offered by complainant, at the hearing of the motion for granting injunction, in support of his bill, but of which he had given no notice to the opposite party, the circuit judge refused to receive them, and it was held by this court that his decision should not be disturbed. Benning, J., in delivering the opinion, said: " There must be a point at which *aliunde* supports to bill or answer must cease to be receivable. And this court sees in this case nothing going to show that the point selected by the court below was not as good a one as any other. Let the war of affidavits be ordered as it may, one party or the other has to be deprived of the last fire."

If the rejection of the affidavits were legal in the case cited, how much stronger is the case we are considering, in which there was an order directing that, if either party should desire to present additional affidavits, two days' notice thereof should be given to the adverse party.

We hold that there was no error in the ruling of the court; and especially so as Rogers was not present, to meet any new facts stated by complainant's affidavit.

2. The other assignments of error may be considered and disposed of together, involving, as they do, the right of the complainant to an injunction, and the refusal of a supersedeas unless the complainant gave a bond to pay all rents from the day of the denying of the injunction until the case could be heard and determined by this court.

By section 2285 of the Code, it is provided, among other things, that if a tenant fail to pay his rent at any time, the landlord may re-enter immediately and dispossess the tenant. By section 4077, it is provided that, in all cases where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him, or shall fail to pay the rent when the same shall become due, and the owner shall desire possession of the same, such owner may, by himself, his agent or attorney in fact, or attorney at law, demand the possession of the property so rented, and if the tenant refuses or omits to deliver possession when so demanded, upon oath of the facts, the officer before whom such affidavit is made shall grant and issue a warrant, directed to the sheriff, his deputy, or any lawful constable, commanding and requiring him to deliver to the owner or his representative full and quiet possession of the lands or tenements mentioned in the affidavit, removing the tenant with his property away from the premises.

By section 4079, the tenant may arrest the proceedings and prevent the removal, by declaring on oath that his term has not expired, or that the rent claimed is not due, *provided*, such tenant shall at the same time tender

a bond, with good security, payable to the landlord, for the payment of such sum, with costs, as may be recovered against him on the trial of the case.

These provisions of the law give to the defendant in error a clear and indisputable right to the warrant which he sued out, with rights equally clear and indisputable in the complainant to arrest the proceedings.

But it is claimed by the learned counsel for the complainant that the act of 1866 authorizing the issuance of a warrant to dispossess a tenant for the non-payment of rent is unconstitutional, in that it contains matter in the body different from what is expressed in the title thereof. Conceding that the act originally may have been subject to this objection, it could not possibly have continued to exist after its incorporation into Irwin's Code as a part of the statute law of the state, and when by Art. XI, par. 3, of the constitution of 1868, it was ordained and declared, that, " All acts passed by any legislative body sitting in this state since the 19th day of January, 1861, including that body of laws known as the Code of Georgia, and the acts amendatory thereof, or passed since that time, which said Code and acts are embodied in the printed book known as Irwin's Code, shall be next in authority in this state after the constitution of the United States and laws passed in pursuance thereof, and the constitution of the state of Georgia."

And again, by the constitution of 1877, was this same act declared to be of force. If, therefore, it be not constitutional, none, it seems to us, could be made so.

3. But it is further said that, even if this act be constitutional, it cannot apply to such a contract as this. We are at a loss to know why it does not apply; upon the contrary, whenever the relation of landlord and tenant exists, and rents are due and unpaid, this statutory remedy also exists. Indeed the act declares, in all cases where a tenant shall hold possession of lands or tenements beyond the term for which the same were rented or leased, or shall fail

to pay the rent when the same shall become due, etc., this remedy exists. If then it does not apply to such a case as that which is sought to be enjoined by this bill, the reason why it does not surpasses our comprehension.

With this complete statutory right in one to proceed and the other to arrest the warrant to dispossess, what is there charged in the bill to deprive either the landlord or the tenant of the enforcement or preservation of their respective rights? That different legal rules may obtain elsewhere, cannot affect this case; the courts of this state are governed by the laws of the state; and even equity, with its broad protective powers, cannot violate law; it only aids where the law is deficient; "it is its ally, not its enemy."

In looking at this case, and the decision of the chancellor complained of as error, it is to be borne in mind that it is alone with the refusal of an injunction with which we are dealing. The plaintiff in error claims that he has been greatly damaged by the defendant in error by his non-performance of his part of the contract of lease, and by other wrongs and injuries growing out of the acts of the said defendant, in connection therewith, and this is the response he makes to the legal proceeding sued out against him for the non-payment of rent due under the contract.

That these are independent covenants, with ample remedies at law for the protection of the rights of the parties, has been repeatedly held by this court. But it is insisted that any breach of the contract, express or implied, resulting in damages to complainant, whether liquidated or not, should be inquired into and settled in this suit, and, to that end, the proceedings at law should be enjoined until a final decree could be had upon all the matters involved; and especially where the contract requires expenditures on the one side, and allowance therefor on the other; or where there are accounts, claims and damages claimed against the lessor in favor of the lessee, which ought to be allowed in liquidation of rent.

A very similar question to the one here presented, has been decided by this court in the case of *Hall vs. Holmes and wife*, 42 *Ga.*, 179, and which case arose under the same section of the Code, and involved, save in amounts, almost the identical facts which bring this case before us. There the complainant rented a hotel, agreeing to pay the rent in monthly instalments, and upon his failure to pay the fifth instalment, the landlord resorted to his statutory remedy for his removal from the premises. The tenant filed his bill, alleging that the contract of rent was upon condition that the landlord would repair the premises and make them comfortable for the guests; but that he had not done so, and they were not tenantable, and that he had been thereby damaged in a large sum of money; that the landlord was insolvent, and the tenant, by reason of his poverty, unable to give bond and security on filing a counter-affidavit, as required by law; and, therefore, he prayed an injunction restraining the landlord from turning him out of possession until the final hearing of the bill, and offered to deposit the monthly rents in the hands of a receiver, to be appointed by the court. The bill was dismissed on demurrer, and by writ of error, the case brought here for review. Warner, J., in delivering the opinion of the court, said: "There was no error in sustaining the demurrer to the complainant's bill. Inasmuch as the law makes no exception as to the eviction of a tenant who is unable to give bond and security, on account of his poverty, a court of equity cannot make one, but is as much bound by the positive law of the land in such cases as a court of law would be. Equity follows the law, where the rule of law is applicable, and the analogy of the law where no rule is directly applicable. Code, §3028. The statute law of the state in relation to landlord and tenant, cannot be altered or changed by simply changing the forum in which the remedy is sought."

It is true that in the present case there is no allegation of the inability of the tenant to give security, as required by the statute, and if there were, it would not, as we have seen, change the law. But if an injunction was properly refused under the facts alleged in the case of *Hall vs. Holmes and wife, supra,* where it was alleged that the landlord was insolvent and unable to answer for the damages sustained by the tenant, and where the tenant offered to pay to a receiver appointed by the court, the monthly instalments due for rent, how much more so was the refusal in this case, where it appears that the landlord is solvent, and where there is no offer to pay the rents as they become due, but on the contrary, error assigned because their payment was required!

Had this bill been dismissed for want of equity, and that dismissal assigned as error, the question before us would have been materially changed from that which is here presented. The chancellor refused the injunction upon the ground that "the amount of damage to the tenant by the landlord's failure to comply with his cross-obligations under the lease were not considerable enough, as shown by the evidence, to authorize him to believe that a multiplicity of suits would probably arise by allowing the landlord to pursue his statutory remedy."

This is the real error complained of, and in passing upon it, we do not think it either necessary or proper to decide other questions which are not legally before us at this time for adjudication.

Judgment affirmed.