Simmons, C. J.
Mrs.. Rogers brought her libel for divorce, .and applied to the court for temporary alimony. The respondent filed a cross-libel in the divorce suit, and also filed an answer to the application for alimony. Temporary alimony was .awarded Mrs. Rogers, and respondent brings the case here for review.
1. At the hearing of the application for temporary alimony, Mrs. Rogers introduced affidavits to show her condition in life, her present necessities, the amount of alimony necessary for lier support pending the suit, and the amount necessary for her 'Counsel. These affidavits were objected to by the respondent, •on the ground that he was entitled to be confronted with the witnesses and to have the privilege of cross-examining them ■orally. It was insisted by counsel for plaintiff in error, that under section 2457 of the Civil Code, the judge was compelled to hear the evidence orally, and that it was illegal for him to receive ex parte affidavits. They based their contention on the latterportion of the section, which reads as follows : “After hearing both parties, and evidence as to all the circumstances <of the parties and as to the fact of marriage, the court shall ■grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the •facts of the case may justify.” We think that under this sec *765 tion the judge is not compelled to hear the parties and their witnesses orally. He can hear them and the evidence either orally or by affidavits, as he may deem best. It is a matter within his discretion. The hearing of an application for temporary alimony is only a preliminary investigation, and the order-granting such alimony is merely interlocutory, subject to review or modification at any time. Proceedings for a divorce- and for alimony have always, under the practice in this State, been regarded as equitable. Following out the reasoning of counsel for plaintiff in error, the judge in the trial of an application for injunction would be compelled to hear the-witnesses orally, and to allow them to be subjected to cross-examination. In regard to the practice in applications for injunctions, the Civil Code, §4925, declares: “When any hearing shall take place in conformity to the rules of law now existing for granting and dissolving injunctions, the judge before whom said hearing takes place may grant or refuse said injunction on the terms the law now requires.” If the word “hearing” contemplates oral examination in an application for alimony, it would apply also to an application for injunction. I venture to suggest a doubt if any member of the bar of this State has ever insisted, upon an application for injunction, that the evidence must be heard orally^ or if any judge-would have sustained such a contention had it been made.
2. Section 2460 of the Civil Code provides, that “On applications for temporary alimony, the merits of the cause are not-in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering'the alimony necessary, and in his discretion may refuse it altogether.” It appears from the record that the judge, in the trial of this application, did, over objection of respondent’s counsel, allow the movant by her affidavit to detail the-facts and circumstances of the separation. When this affidavit was read, respondent offered to contradict it and to prove his-theory of the facts and circumstances of the separation. The-court refused to allow him to do so. This we think was error-. Whether the court would inquire into this matter was within his discretion. When, however, he allowed the movant to give *766 evidence as to the facts and circumstances of the separation, he should have heard the respondent as to the same matter.
3. The record shows that the libelant had employed four attorneys to assist her in this suit. The court, in granting temporary alimony, ordered that the respondent pay to the attorneys for the movant the sum of five hundred dollars, with the right “to apply for further compensation as the exigencies of the case require.” It does not appear from the record that there was any necessity for 'the employment of so many attorneys by the libelant. The opinions of the experts introduced upon the matter of compensation seem to have been predicated upon the assumption that it was necessary to employ four attorneys ; • and the inquiry seems to have been directed toward ascertaining what would be reasonable compensation for four attorneys, without regard to the question as to whether so many were required by the exigencies of the case. This, in our opinion, was an erroneous test of the amount of fees to ’be granted libelant’s attorneys. The libelant is entitled to an attorney or attorneys to aid her in the assertion of her rights, and to have them paid for their services, when there is a necessity therefor. She should have shown the necessity for her to have employed so many attorneys, before the court should have allowed them fees. Otherwise, a wife suing for divorce might employ every attorney in the town and compel her husband to pay them, whether or not their services were really necessary. The inquiry should have been directed to the ascertainment of the amount of reasonable compensation for such counsel as are necessary in the case.
4. Complaint is made in the bill of exceptions that the $500 allowed the wife as temporary alimony and the $500 allowed her attorneys are excessive. While the amount allowed the wife is large, considering the circumstances of the husband and the present “hard times” in money matters, we are not prepared to say that the court abused its discretion in regard thereto. We think, however, that the amount allowed the wife’s attorneys as a retainer is too large, for the reasons given in the third division of this opinion. We call it a “retainer” because the judge allows the attorneys the right to apply for *767 additional fees as the exigencies of the case may require, and because the code (Civil Code, §4415) declares that one half of' the fee in any cause is a retainer, unless otherwise stipulated. Speaking for myself, I think that $500 as a retainer would have been excessive as compensation for libelant’s necessary counsel. The record discloses that respondent was in debt to the amount of nearly half of all of his property, and that after'paying his honest debts he would have left but $14,000 in houses, lands and stock. He had seven children left on his hands by the separation, — four girls from twelve to eighteen years of age, and three boys from five to ten. It was shown that a considerable amount of his income would be necessary to support these young ladies and the other children. His principal income was derived from farming, and ten per cent, upon his property was as much as he could expect from this source, with cotton at five cents a pound. The order of the judge allowing $500 temporary alimony, and the same amount as a retainer for the attorneys, would take nearly the whole of respondent’s income for the year. While I am in favor of giving attorneys reasonable compensation for their services, I am and have ever heen opposed to awarding attorneys such large fees in cases of this sort as to cripple or destroy the resources of the respondent. Besides, courts should do nothing to encourage suits of this character, and the granting of large amounts as alimony and counsel fees might tend to encourage the bringing of actions of this nature.

Judgment reversed.

All the Justices concurring.