## HESTER *et al. v.* EXLEY & KELLER.

FISH, C. J. 1. Where at the time set for the interlocutory hearing of a petition for injunction the case was continued until a later date, and the judge notified the parties that he would then strictly enforce a rule requiring all affidavits intended to be used as evidence to be served upon the opposite party twenty-four hours before the hearing, there was, when the case came on under the order of postponement, no error in refusing to allow affidavits to be introduced which had not been thus served. See, in this connection, *Huff* v. *Markham*, 70 *Ga.* 284; *Boyce* v. *Burchard*, 21 *Ga.* 71; *Sylvania Water Co.* v. *Overstreet*, 126 *Ga.* 235 (52 S. E. 164).

2. Nor, under such circumstances, was there any error in refusing to permit the persons who had made the rejected affidavits to testify orally to the matters contained therein.

3. Nor did the judge err in refusing to again postpone the hearing, in order that the party who had offered the rejected affidavits might have another opportunity to serve the same upon the opposite party in compliance with the rule which had been announced by the judge, when no reason whatever was shown why such rule had not been previously complied with.

4. Under the evidence submitted, there was no abuse of discretion in dissolving the temporary restraining order and refusing the injunction.

*Judgment affirmed. All the Justices concur.*

Submitted January 11,—Decided March 28, 1908.

Petition for injunction. Before Judge Cann. ·Chatham supe-- rior court. October 12, 1907.

*D. H. Clark,* for plaintiffs. *W. G. Charlton,* for defendants.