STEVENS *v.* GEORGIA PUBLIC SERVICE COMMISSION.

No. 9860. DECEMBER 13, 1933.

*J. M. Forrester* and *R. S. Wimberly,* for plaintiff in error.
*J. J. E. Anderson, assistant attorney-general,* contra.

GILBERT, J. Georgia Public Service Commission sought injunction to restrain Stevens from transporting passengers for hire

over a "certificated" highway of the State, in violation of the "motor-carrier act of 1931" (Ga. Laws Ex. Sess. 1931, p. 99), and the "motor common-carriers act of 1931" (Ga. Laws 1931, p. 199). It was alleged that "the defendant is engaged in the business of a common carrier, operating a motor vehicle for hire, and is subject to regulation under the provisions" of the two acts above mentioned, "for that said defendant is operating a motor-propelled vehicle, for hire, over the highways of the State of Georgia, and as such common carrier operates over a 'certificated' highway over which other certificated motor-common carriers operate;" that, in several respects named, including registration of the number of vehicles operated, procurement of certificate of convenience and necessity, and the payment of fees as required, Stevens has refused to comply with the terms of the act; that petitioners are charged with the duty of enforcing the acts mentioned, and are entitled to injunction restraining defendant "from operating as a motor-common carrier and as a Georgia motor carrier, unless and until he qualifies as provided by said acts." Following the allegations stated above, the petition alleges: "Petitioners further show that at the January session of the General Assembly, 1933, the exemption under the motor-carriers act of 1931, by amending said section C6 of section 2 thereof, relating to the exemption of R. F. D. carriers or Star Route carriers engaged in the carrying of the United States mail, reads now, as amended, as follows: Section 2, subsection C6. R. F. D. carriers and Star Route carriers are allowed to carry without complying with the provisions of this act, not exceeding five (5) passengers along with carriage of United States mail, providing they do not carry passengers on a route along which another motor carrier of passengers has a permit or a certificate."

The defendant, "without waiving any of his rights to plead to the merits," demurred generally on the grounds that the petition failed to state a cause of action, and that for specified reasons the change in the exemption in the act of 1933 relating to R. F. D. or Star Route carriers violates designated portions of the constitution. The court entered the following judgment: "After hearing evidence and argument in the above case it is ordered that the temporary restraining order heretofore granted be continued until the further order of the court." None of the evidence had is included in the record here. The bill of exceptions states that the

demurrers were overruled, and that injunction was granted, and assigns error in the following language: "to which judgment granting said injunction and enjoining said defendant . . H. G. Stevens then and there excepted, and now excepts, and assigns the same as error as being contrary to law, and says that the said judge then and there should have refused said injunction."

■ The record contains the judgment of the court. In it no reference is made to a ruling either sustaining or overruling the demurrer to the petition. Although the bill of exceptions recites that the court overruled the demurrer to the petition, there is no assignment of error thereon; therefore no issue is presented, and no ruling will be made by this court on that question.

■ Where a bill of exceptions complains of a grant of an interlocutory injunction, and it appears therefrom that evidence was introduced upon the hearing, and such evidence is neither incorporated in the bill of exceptions nor attached thereto as an exhibit properly authenticated, and it does not appear that a brief of the evidence was approved and filed so as to become a part of the record, the judgment will be affirmed, as without such evidence this court can not determine whether the court erred in continuing "the temporary restraining order" previously granted until further order of the court. There being no brief of evidence before us, we will assume that the judgment of the court below was correct and affirm it. *Voyles* v. *Federal Land Bank of Columbia,* 173 *Ga.* 844 (162 S. E. 106).

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*