### 18384. HARBUCK *v.* HARBUCK.

CANDLER, Justice. Alleging cruel treatment as her ground therefor, Mrs. Harbuck sued her husband, C. B. Harbuck, for divorce and for temporary and permanent alimony both for herself and their minor child. She also prayed for custody of the child. A rule nisi was issued requiring the husband to show cause on a subsequent date why temporary alimony and counsel fees should not be allowed, and why, until final disposition of the cause, custody of the minor child should not be awarded to the mother. The defendant demurred to the petition, generally and specially, and filed an answer. On the interlocutory hearing the parties testified orally, but on objection thereto the judge excluded two affidavits offered by the defendant, one of which was signed by seven persons and the other by fifty-five. At the conclusion of the interlocutory hearing, the judge awarded $75 per month as temporary support for the child, $150 as counsel fees, and, as temporary alimony for the wife, the use of certain household goods; and he ordered the defendant not to interfere with the plaintiff while removing them from his home. The defendant excepted, complaining of the interlocutory judgment, and of the exclusion of the two affidavits from evidence. *Held:*

1. There is no merit in the contention that the trial judge erred in refusing to admit and consider the affidavits offered in evidence by the defendant. "On the hearing of an application for temporary alimony, the judge has the discretion to hear the testimony either by affidavits or orally." *Rogers* v. *Rogers,* 103 *Ga.* 763 (1) (30 S. E. 659); *Whitfield* v. *Whitfield,* 127 *Ga.* 419 (2) (56 S. E. 490). In the *Rogers* case, supra, it was said (at p. 765) that "The hearing of an application for temporary alimony is only a preliminary investigation, and the order granting such alimony is merely interlocutory, subject to review or modification at any time." In the case at bar the judge exercised the discretion vested in him by permitting the parties to testify orally, and we find nothing in the record which would authorize us to hold that he then abused his discretion by refusing to hear them further by affidavits. In this connection see *Boyce* v. *Burchard,* 21 *Ga.* 74; *Huff* v. *Markham,* 70 *Ga.* 284; *Hester* v. *Exley & Keller,* 130 *Ga.* 460 (60 S. E. 1053); *Conley* v. *Conley,* 152 *Ga.* 184 (108 S. E. 777); *Montgomery* v. *Montgomery,* 180 *Ga.* 120 (177 S. E. 337); *Gaulding* v. *Gaulding,* 184 *Ga.* 689 (192 S. E. 724); *Moss* v. *Moss,* 196 *Ga.* 340 (26 S. E. 2d 628); *Local Union No. 3871, United Steel Workers of America* v. *Fortner,* 202 *Ga.* 206 (3) (42 S. E. 2d 734).

2. "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Code § 30-205. And the discretion of the trial judge in allowing or disallowing temporary alimony pending an action for divorce will not be controlled by this court unless that discretion is shown to have been flagrantly abused. *Brannen* v. *Brannen,* 208 *Ga.* 88 (65 S. E. 2d 161), and citations. "In a proper case, and in the exercise of a sound discretion, the court may award the use of the home and the household goods therein to the wife as temporary alimony." *Lloyd* v. *Lloyd,* 183 *Ga.* 751 (189 S. E. 903). From the facts and circumstances of this case, as disclosed by the record, we cannot say that the interlocutory provision which the trial judge made for the plaintiff, her child, and counsel was an abuse of his discretion.

3. The trial judge exercises a sound legal discretion in awarding custody of minor children pending an application for divorce, looking to the best interest of the children, and this court will not interfere with his judgment unless that discretion appears to have been abused. Code § 30-127; *Willingham* v. *Willingham,* 192 *Ga.* 405 (15 S. E. 2d 514); *Bignon* v. *Bignon,* 202 *Ga.* 141 (42 S. E. 2d 426). Under the evidence in this case, it cannot be said that the trial judge abused his discretion in awarding custody of a two-year-old child to the mother; and this is especially true where the custody order, as in this case, provides that the father "shall have the privilege of visiting said minor child at and during reasonable hours," and no attack whatsoever is made upon the fitness of the mother to care for and look after the child.

4. While the demurrers to the petition were considered by the trial judge at the interlocutory hearing, they were, as the record shows, not ruled upon. Hence, the sufficiency of the petition to withstand the demurrers is not a question presently before us for determination, and no ruling will be made on that question. Code § 6-1607; *Stevens* v. *Ga. Public Service Commission,* 178 *Ga.* 59 (1) (172 S. E. 9); *Pritchett* v. *Payne,* 194 *Ga.* 84 (1) (20 S. E. 2d 765); *Sachs* v. *Dempsey,* 203 *Ga.* 438 (47 S. E. 2d 326). See *Vance* v. *Vogel,* 176 *Ga.* 132 (167 S. E. 112). Accordingly, error is not shown by the record.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

Argued October 13, 1953—Decided November 12, 1953.

*R. S. Wimberly, W. W. McKinnon,* for plaintiff in error. *Jack Murr,* contra.