19595.   CAMP *v.* CAMP.

Submitted January 15, 1957—Decided March 11, 1957.

*Clower & Anderson,* for plaintiff in error.

*Harris & Harris,* contra.

DUCKWORTH, Chief Justice. ■ We thought that our opinions in *Kilgore* v. *Tiller,* 194 *Ga.* 527 (22 S. E. 2d 150), *Everett* v. *Sharpe,* 207 *Ga.* 502 (63 S. E. 2d 1), *Sheppard* v. *Sheppard,* 208 *Ga.* 422 (67 S. E. 2d 131), and *Moody* v. *Gilbert,* 208 *Ga.* 784 (69 S. E. 2d 874), made it crystal clear that the trial courts of this State could not consider reports of the Welfare Departments of the counties in the trial of a case involving the custody of minors. . But the judgment now under review recites that it is in part based upon the report of the Welfare Department of Bibb County, and consequently we must reverse it and repeat our previous ruling that it is reversible error to consider such matter. It might be easier and cheaper for the litigant to introduce such records rather than produce as a witness in court the person or persons who made the investigation and have them testify and submit to cross-examination; but the other party in the case has rights that can not be protected fully if he is denied the privilege of cross-examination. We know that men's rights and liberties are jeopardized when courts abandon the tried and proven court procedure of admitting only relevant evidence and producing witnesses who are subject to cross-examination. And, while some jurisdictions appear to adopt the bureau-commission investigation farce of trials where such essentials to justice are denied, Georgia courts have not done so and will not thus assault liberty.

■ This case presents another vital question of evidence, and

the decisions of this court are in part responsible for it. In *Robertson* v. *Heath*, 132 *Ga.* 310 (64 S. E. 73), which was a habeas corpus case involving the custody of a child, the petitioning father to whom custody was awarded, introduced three affidavits over the objection that the respondent was denied the right of cross-examination. There was no attempt to show any special or out-of-the-ordinary circumstances preventing production in court as witnesses, subject to cross-examination, the affiants in each of such affidavits. This court affirmed the judgment and approved the ruling allowing the affidavits to be introduced as evidence. But some portions of the opinion appear to disapprove any such rule. The evils of affidavits as described are as follows: "Facts may be omitted, without any wrongful intent, which give an entirely different appearance to the case. . . . Generally speaking, testimony is not admissible, on a final trial of the issues in a case, where there has been no opportunity for cross-examination, save in certain special instances which the law writers treat as exceptions to the rule excluding hearsay evidence." Then it is said: "On the hearing under a writ of habeas corpus, involving the custody of a child, the better practice is to require the testimony to be delivered from the stand, or by depositions or interrogatories duly taken, with the privilege of cross-examination preserved, where practicable. Affidavits are often unsatisfactory at best. . . We do not commend the practice of determining so important a question as the awarding of the custody of a child, with all the possible consequences to its future life and happiness, upon mere ex parte affidavits, as a general practice. Such a decision is final, under the circumstances then presented." P. 312. While we are reluctant to disapprove older decisions of this court, yet we will do so when we are convinced that they are wrong. The foregoing quotations show that this court was then of the opinion that such use of ex parte affidavits was bad, and this court would not "commend the practice," yet it affirmed the judgment allowing it. There was not then, nor is there now, a compelling reason or rule of law requiring this court to sanction a practice which it can not commend, and a practice that it thinks is not the best.

The court undertook to support its judgment in that case by

the decisions in *Simmons* v. *Georgia Iron &c. Co.*, 117 *Ga.* 305, 309 (43 S. E. 780, 61 L. R. A. 739), which says that a habeas corpus proceeding is not a law suit in the ordinary sense of the term; and *Rogers* v. *Rogers*, 103 *Ga.* 763 (30 S. E. 659), holding that, on the hearing of an application for temporary alimony, affidavits may be introduced as evidence. Also numerous decisions of other jurisdictions and textbooks and encyclopedias are cited in the opinion to support the ruling and indicate that it was the common-law rule. Our statute (Code § 38-1705), providing for the privilege of cross-examining witnesses alone is enough to change the common-law rule if that rule allowed affidavits to be used as evidence on any trial where the evidence is finally adjudicated. But, in view of the caution taken in our Constitution to preserve liberty by setting standards for trials openly and fairly, if necessary we would hold that Georgia Laws 1784, No. 287 (Watkins Digest), adopting the common law, excluded the portion permitting such ex parte affidavits by adopting only such of the common law as was practicable and suitable to a growing republic. See Doe ex dem. Patterson *v.* Winn, 30 U. S. 233, 5 Pet. 233, 8 L. ed. 108; *Flint River Steamboat Co.* v. *Foster*, 5 *Ga.* 194 (48 Am. D. 248) ; State *v.* Campbell, T. U. P. Charlton 166. Therefore, we are completely satisfied that we are not required by the common law, by decisions of other jurisdictions, by textbooks, or by Georgia statute to sanction the use of affidavits in habeas corpus proceedings. We are bound to do so only by decisions of this court beginning with *Robertson* v. *Heath*, 132 *Ga.* 310, supra, and others following it. When we say that we think the ruling in that case unsound, we are not in disagreement with the expressed opinion therein. We differ with the court at that time only in that we will not approve or affirm, as was there done, a ruling allowing affidavits to be introduced as evidence in a habeas corpus case. At page 316 in *Robertson* v. *Heath*, it is said: "that where the writ is used as a means of determining the custody of an infant, the *better practice is to hear evidence viva voce, or taken after notice and with opportunity for cross-examination where practicable;* but this is not an inflexible rule, and that the presiding judge is vested with discretion as to admitting affidavits, under the circumstances of the case." (Italics ours.)

Here is clearly indicated an intent of that decision that rights of litigants in a matter as vital as the fate of a little child shall be as different as there are different trial judges. Ours is a government by laws not by men. We can not give judicial sanction to a matter we expressly refuse to "commend," and to a rule which we expressly regard as not being the best policy, when no law requires it.

While in that case the father obtained his child's custody and no doubt no serious harm was done, yet if such affidavits are admitted as evidence, they are enough, no matter how strong the opposing evidence may be, to make an issue of fact, and an unjust decision supported by affidavits executed even in a foreign land and utterly false would have to be affirmed by this court. The law is too intelligent to be thus "mouse-trapped." Therefore, with great respect for the Justices who concurred in the decisions in *Robertson* v. *Heath*, 132 *Ga.* 310, supra, *Porter* v. *McCalley*, 146 *Ga.* 594 (3) (91 S. E. 775), *Landrum* v. *Landrum*, 159 *Ga.* 324 (1), 325 (125 S. E. 832, 38 A. L. R. 217), *Vincent* v. *Vincent*, 181 *Ga.* 355 (3) (182 S. E. 180), they are all, after due notice to counsel, as provided by Code § 6-1611, hereby expressly overruled in so far as they approved the allowance in evidence of ex parte affidavits over timely objections in cases where final judgments were rendered. Judgments in habeas corpus cases are final judgments. Temporary injunction, temporary alimony, and temporary receivership are not final judgments.

In view of the utter confusion and contradictions, or apparent contradictions, in the decisions of this court, we think that it may be helpful to list some of those decisions and explain them. In *Carney* v. *Franklin*, 207 *Ga.* 39 (59 S. E. 2d 909), the case of *Robertson* v. *Heath*, 132 *Ga.* 310, supra, and those following it were simply overlooked, and the judgment is in harmony with what we now rule after overruling such older and controlling cases. In *Young* v. *Young*, 209 *Ga.* 711 (75 S. E. 2d 433), this court simply held that *Robertson* v. *Heath*, and *Porter* v. *McCalley*, 146 *Ga.* 594, supra, were not controlling in a case involving an application to modify a decree of court. In *Boyce* v. *Burchard*, 21 *Ga.* 74, *Huff* v. *Markham*, 70 *Ga.* 284 (1), 287, *Rogers* v. *Rogers*, 103 *Ga.* 763 (1), supra, *Whitfield* v. *Whitfield*,

127 *Ga.* 419 (2), 421 (56 S. E. 490), *Sylvania Water Supply Co.* v. *Overstreet,* 124 *Ga.* 235 (52 S. E. 164), *Hester* v. *Exley & Keller,* 130 *Ga.* 460 (60 S. E. 1053), *Chattanooga &c. R. Co.* v. *Morrison,* 140 *Ga.* 769 (3), 774 (79 S. E. 903), *Conley* v. *Conley,* 152 *Ga.* 184 (108 S. E. 777), *Gaulding* v. *Gaulding,* 184 *Ga.* 689 (192 S. E. 724), *Moss* v. *Moss,* 196 *Ga.* 340 (2) (26 S. E. 2d 628), *Local Union No. 3871, United Steel Workers of America* v. *Fortner,* 202 *Ga.* 206 (3) (42 S. E. 2d 734), *Harbuck* v. *Harbuck,* 210 *Ga.* 220 (78 S. E. 2d 508), this court was dealing with an interlocutory hearing involving injunction, alimony, or similar temporary judgments, and no final judgment was involved. They are no authority or support for the decisions we have overruled above, and they do not conflict with what we now rule.

■ ■ The rulings in headnotes 3 and 4 require no further elaboration.

For all the reasons stated in the headnotes the judgment is reversed.

*Judgment reversed. All the Justices concur.*