**In re ESTATE of Annie Briscoe PYE, Deceased.**

**Administration No. 690–69.**

United States District Court, District of Columbia.

April 22, 1971.

Francis W. Hill, Washington, D. C., attorney for Executor, estate of Annie Briscoe Pye.

Nicholas D. Ward, Washington, D. C., attorney for Executor, estate of Katharine Briscoe Knox.

Memorandum Opinion and Order

McGUIRE, District Judge.

Annie Briscoe Pye, a woman 87 years of age and a widow, died testate February 17, 1969. She had no living children, and it appears there are only four heirs at law and next of kin of said decedent; that three of them are *sui juris* and of lawful age, and the fourth heir at law and next of kin, a resident of California, is not *sui juris* but is represented by her mother and guardian who duly qualified as such. The testamentary disposition involved was dated December 4, 1963, and contained two codicils dated respectively April 24, 1966 and October 1, 1967.

Both the will itself and the codicils thereto were subscribed and attested to by *three* witnesses, the law in this jurisdiction requiring but two.[1] In the first codicil the subscribing witnesses were P. B. Briscoe, Katharine B. Knox and Louisa L. Briscoe, P. B. (Philander) and Louisa L. Briscoe being husband and wife.

In the first codicil there was a small monetary bequest to the testatrix's niece, Katharine B. Knox, among others, and also a similar bequest to testatrix's brother, P. B. Briscoe, also a subscribing witness, Katharine B. Knox's uncle.

In the second codicil the testatrix gave a legacy to Katharine. This was the *only* bequest in that instrument, the subscribing three witnesses being the same as we have hitherto mentioned.

The D.C.Code (1967) sets forth the requirements for a valid will and, as in-

---

1. 18 D.C.Code § 103 (1967)

dicated, requires only attestation and subscription in the presence of the testator by at least two credible witnesses under the provisions of Title 18, section 103. A bequest to an attesting witness to a will or codicil is void as to him and persons claiming under him except as provided by subsections (b) and (c) of section 104. Under subsection (b) an interested witness to a will is entitled to a share of the estate of the testator in case the will or codicil were not established, that is, may take such portion of the bequest in the will or codicil as does not exceed the share of the estate which would be distributed to him in case of intestacy, and under (c) that the provision of (a) does not apply to charges on real estate or the payment of debts. (Title 18, section 104)

Katharine Briscoe Knox (Adm.No. 2100–70), one of the three above-mentioned witnesses, under the terms of the first codicil, as we have seen, was bequeathed a legacy of $300.00 and under the terms of the second codicil a legacy of $10,000.00, both codicils being attested and subscribed to by the same three witnesses. She died September 12, 1970 and the matter now comes before the Court in the form of a petition by the executor of Annie Briscoe Pye's estate and that of Katharine Briscoe Knox's estate for instructions as to the legal effect of the two codicils. In the light of the statute above referred to it appears to be and is presumably a matter of first impression in this jurisdiction.

The question thus in essence is whether the executor of the estate of Katharine Briscoe Knox, the deceased witness beneficiary, is entitled to the two bequests from the estate of Annie Briscoe Pye, or whether such bequests are null and void as to her and must revert as a consequence to the residuum of the Pye Estate.

The law in the District of Columbia is silent on the question of supernumerary witnesses. However, a Brit-

ish statute enacted in 1752, 25 George II, Chap. 6, Sec. 1–7, provided that any bequest to a witness to a will was absolutely null and void as to that witness. Blackstone, commenting on this, indicated that the statute had a two-fold purpose "which restored both the competency and the credit of such legatees, by declaring void all legacies given to witnesses, and thereby removing all possibility of their interest affecting their testimony."[2] The effect of the statute was to prohibit the establishment of the will in its entirety and to prevent the possibility of fraudulent wills, yet still preserving as much of the will as possible. This 1752 British statute was adopted in the District of Columbia in 1801 (Act of February 27, 1801, Chapter 15, § 12, 2 Stat. 107). Congress adverted to this fact by reemphasis when it enacted in the 1901 D.C.Code a provision that all British statutes in force in Maryland on February 27, 1801 shall be the law for the District of Columbia. Since the so-called statute of 1752 was recognized by Maryland in 1801 it became thus incorporated into the substantive law for the District of Columbia, Title 18, section 104, and undergoing no change of importance from that time to the present, except for a recent amendment to the Code reflecting a Court of Appeals decision in 1956, Manoukian v. Tomasian, 99 U.S.App.D.C. 57, 237 F.2d 211, 212, 214 (1956). This now permits heirs at law or next of kin of a testator who are *necessary* witnesses to the will to take their legacies under it up to an amount but not in excess of what would be their intestate share if the decedent had died intestate.[3]

This departure from the rigidity of the 1752 statute indicates both an understanding and a willingness by Congress and the Court to ameliorate the statute's harshness when both justice and equity require that this be done.

With reference generally to the matter of supernumerary witnesses, it

2. Blackstone, II Commentaries 376–77 (1854)

3. 18 D.C.Code § 104

should be noted that at least 37 State jurisdictions currently recognize that when such a witness to a will is also a beneficiary under the terms of the instrument, the fact that he or she was a witness should not prevent the individual in question from taking the legacy or interest thus bequeathed. The Court of Appeals in *Manoukian, supra,* while observing that British statutes prior to the Declaration of Independence are still in effect in the District of Columbia felt and held, nevertheless, that they must be placed in the category of *common* rather than statutory law for precedent purposes.[4]

This being so, the Court is thus allowed a flexibility that would enable it in circumstances to indulge in a modification which is both necessary and equitable. Congress in referring to the amendment which embodied *Manoukian* speaking through the House Committee on the Judiciary, said:

> Whether the statute should be further revised to permit, as in a number of other jurisdictions an attesting witness who is not an heir at law to take a devise or bequest made to him if there is a sufficient number of other attesting witnesses who are competent is a matter beyond the scope of this revision. However, it is not the intention to impede judicial construction or determination with respect to a devise, bequest, etc. in a will or any judicial construction which might have been reached under the law as it now exists (that is, prior to this revision). In other words, there is no intention in making the change to limit or restrict the exceptions (to the general rule) to the exceptions spelled out in subsection (b), or to prevent the judicial development of additional exceptions by the application of precedent or sound judicial construction.[5]

■ The factual legal situation being such as it is, and addressing itself to the *first* codicil, the Court holds and concludes that the bequests to those *legatees* who were subscribing witnesses to that instrument fail because while it may be and is a valid codicil as to legatees named therein who are *not* subscribing and attesting witnesses, as to the two beneficiaries who are it is invalid (under 18 D.C.Code, § 104) since they have an interest.

■ As to the *second* codicil it would be an inequitable result for the Court to hold that the bequest therein was void since the expressed intention of the testatrix in the circumstances would not only be subverted but perverted, since to this codicil there were two *necessary* and *legally disinterested* witnesses. The legatee Katharine B. Knox thus being a supernumerary, her attestation and subscription were not legally necessary. In the words of the Court in *Manoukian, supra,* 237 F.2d p. 216:

> Thus, whether we approach this case as one requiring construction of a statute or as one calling for application for common law principles, we think the result would be the same—a result based on reason and justice. We recognize that the old British statutes that have been received in the District of Columbia must be considered well established rules of law, not to be varied without good reason. Nor do we lightly undertake the task of excepting a particular case from the general rule of a statute—old or new. But here we think the course to be taken is plain: to exclude this case from the literal wording * * *.

That reasoning applies here and as a consequence it is

Ordered,

---

4. Gertman v. Burdick, 75 U.S.App.D.C. 48, 123 F.2d 924, 929 (1941), cert. denied, sub nom. Burdick v. Burdick, 315 U.S. 824, 62 S.Ct. 917, 86 L.Ed. 1220 (1942); Doe ex. dem. Patterson v. Winn, 30 U.S. (5 Pet.) 233, 241–242, 8 L.Ed. 108 (1831).

5. HOUSE COMM. ON THE JUDICIARY, REVISION OF PART III, DISTRICT OF COLUMBIA CODE, ENTITLED "DECEDENTS ESTATES AND FIDUCIARY RELATIONS", H.R.Rep.No.235, 89th Cong., 1st Sess. 7 (1965).

1. That as to the Codicil dated April 24, 1966, that the same is a valid Codicil, but that the legacies therein to the two witness beneficiaries are void and said beneficiaries may not take said legacies, and the Executor is directed not to account for these bequests provided for under said Codicil;

2. That as to the Codicil dated October 1, 1967, wherein only one witness is a beneficiary, that Katharine Briscoe Knox, said beneficiary, is a supernumerary witness, therefore, the second Codicil is valid and the legacy therein to said Katharine Briscoe Knox is not void, but valid, and the Executor is directed to recognize the Union Trust Company of the District of Columbia, Executor of the Estate of Katharine Briscoe Knox, as a beneficiary, and to account to the said Union Trust Company of the District of Columbia, Executor, for said bequest.