### 21695. ADAMS v. THE STATE.

MOBLEY, Justice. The Court of Appeals certified to this court
for answer the following question: "Where the mother of a
child under 18 years of age is awarded temporary custody
of the child in a divorce and alimony proceeding filed by
the mother of the child against the father of the child, is the
father guilty of kidnapping the child under *Code* § 26-1602
if the jury trying him under an indictment under said Code
section finds that he with force and arms fraudulently,
maliciously and forcibly led, abducted, stole and carried
away and enticed and carried away the child (alleged to
have been kidnapped) from her mother, and against the
will of the mother?" The answer is "no."
*Code* § 26-1602 provides that: "Any person who shall forcibly,
maliciously, or fraudulently lead, take, or carry away, or
decoy or entice away, any child under the age of 18 years
from its parent or guardian, or against his will, or without
his consent, shall be guilty of kidnapping." In the 1933
Annotated Code the word "parents" appears. However,
this is error, as the word is in the singular in the Official

Code of 1933 and in all prior Codes, beginning with the Penal Code of 1833, § 53 (Ga. L. 1833, p. 154), the original enactment of this section.

Simply stated the question is, may a father be convicted under *Code* § 26-1602 of kidnapping his own child from the mother, where the mother has been awarded temporary custody of the child during the pendency of divorce and alimony proceedings?

Until majority, a child shall remain under the control of the father, but that parental power or control may be lost in any of the six ways enumerated in *Code* § 74-108. Where custody of a minor child is involved between parents, there is no prima facie right to the custody in the father, but the court may award the child to that one which will be for the best interests of the child. *Code Ann.* § 74-107. Pending application for divorce, the court may in its discretion award temporary custody of the child to either party or to a third party. *Code Ann.* § 30-127.

As between the mother and father, where parental control has not been lost, and in the absence of a decree of court awarding custody, the general rule is that a parent does not commit the crime of kidnapping by taking exclusive control of the child. See 77 ALR 317 and cases cited.

On the question presented, there has been no loss of parental control by the father, but there has been an award of temporary custody to the mother pending divorce proceedings. We do not believe that under the laws of this State an award of temporary custody to the mother pending divorce proceedings would be such a decree of court as would serve as the basis for conviction of the father of kidnapping his own child from the mother. A decree awarding temporary custody is a matter of discretion with the court. It is not an adjudication of the rights of the parties. The best interests of the child pending adjudication of the rights of the mother and father are the basis for the award. The parental rights of the parties are not adjudicated by the award of temporary custody. A temporary award of custody differs from a permanent award as the latter is a final adjudication of the rights of the parties on the existing facts, is res judicata, and is subject to change only upon a showing of change of conditions affecting the best interests of the

child. No such finality exists as to a judgment awarding temporary custody.

Even a permanent award of custody to one parent does not sever the parental relation between the other parent and the child. "Under the Georgia law, such a decree awarding custody of the child to the mother, but not purporting to sever the parental relation between the child and his father or to determine other rights as between them, would relate only to custody, and would not prevent the father from asserting his natural parental authority in case of a change of circumstances affecting the child's interest." *McAlhany v. Allen*, 195 Ga. 150 (2) (23 SE2d 676).

"A warrant against a father on a charge of kidnapping his own minor children, it not appearing that he had ever parted with his parental right to their custody, is a nullity." *Hunt v. Hunt*, 94 Ga. 257 (1) (21 SE 515). The effect of an award of custody was not there involved. The natural rights of the father are not annulled by an award of custody in divorce proceedings but are only suspended for the time being and are revived in full force and effect upon the death of the parent to whom custody was awarded. *Girtman v. Girtman*, 191 Ga. 173 (11 SE2d 782); *Bridgman v. Elders*, 213 Ga. 257 (98 SE2d 547).

The General Assembly in using the word "parent" in *Code* § 26-1602 referred to the father, who alone at the time of enactment in 1833 was vested with parental power and control over the child. With the emancipation of the wife, and modification of the exclusive parental control of the father, the word "parent" as used in § 26-1602 would include the wife. See *Code* § 50-121, where in controversies over custody of children, the common-law rule always vesting custody in the father was abolished.

While many jurisdictions in this country hold that a parent who abducts his child from the other parent who holds the child under a judgment of a court awarding custody is guilty of kidnapping, it is significant, we think, that the statutes relating to abduction in many of those states broaden the class of persons protected to include not only a parent or guardian but any other person having lawful charge of such child. See 77 ALR 317 and cases cited.

Considering that, unlike a permanent award of custody, a

judgment awarding temporary custody is not a final judgment but only interlocutory and does not adjudicate the parental rights of the parties nor suspend them, and further that our statute limits the class from whom the child is taken to "parent or guardian," we conclude that the father who takes his child from the mother, who has possession under a temporary award of custody, is not guilty of kidnapping under Code § 26-1602.

*The question certified is answered in the negative. All the Justices concur, except Candler, J., who dissents.*

ARGUED JUNE 12, 1962—DECIDED JULY 10, 1962.

*Davis & Davidson, Tifton Greer,* for plaintiff in error.
*George Hains, Solicitor General,* contra.