### 27894. FOSTER v. FOSTER.

ARGUED MAY 14, 1973 — DECIDED MAY 31, 1973.

*William T. Gerard,* for appellant.

*Cook, Pleger & Noell, John S. Noell, Jr.,* for appellee.

MOBLEY, Chief Justice. In a divorce action by Shirley Anne Foster against Bob Joe Foster the trial judge, after a hearing, placed the temporary custody of the minor daughter of the parties in Mrs. Sara Foster Bond, a sister of the defendant husband.

Subsequently the mother made an application for modification of this interlocutory order, asking that temporary custody be given to her. After hearing, the trial judge entered an order reciting in part as follows: "The court specifically finds that the plaintiff and the

defendant are each physically, mentally and morally fit persons to have the custody of the minor child of the parties. However, in view of the fact that both the plaintiff and the defendant are employed full time and in further view of the undesirable conditions affecting the welfare of the child during the time the child was in the custody of the parties jointly and thereafter in the custody of the plaintiff, and in further view of the situation existing in the home of Mrs. Sara Foster Bond as disclosed by the evidence, the court, acting in the best interest of the child, continues the custody of the child in Mrs. Sara Foster Bond until the further order of the court."

The mother appeals from this order. The trial judge signed a certificate for immediate review. The errors enumerated are: the placing of the child in the temporary custody of a third person, after finding both parents fit persons to have custody; and the failure to award the child to the mother.

The findings of fact by the trial judge are supported by the evidence, and the only question presented to this court is whether the temporary custody of a minor child may be placed in a third person pending the divorce action between the parents, where neither parent is an unfit person to have custody.

This court has held in numerous cases that permanent custody of a minor child may not be given to a third party where either or both of the parents are fit persons to have custody, but the question has not been decided as to whether temporary custody may be given to a third person under such circumstances.

In *Phillips v. Phillips,* 161 Ga. 79 (2) (129 SE 644) and *Gray v. Gray,* 226 Ga. 767 (2) (177 SE2d 575), this court held that on conflicting evidence as to the fitness of either parent to have custody of the child, the judge did not abuse his discretion in awarding temporary custody to a third person.

In *Graham v. Graham,* 219 Ga. 193 (1, 3) (132 SE2d 66), this court held: "The authority of the presiding judge, frequently referred to as plenary, . . . to control the custody of minor children (under age 14) pending a divorce suit between their parents is very broad, so that in the exercise of sound discretion the judge may from time to time, until the final decree is entered, modify his orders in this respect and transfer the possession of the children from the persons to whom custody was originally granted and commit them into the care of other and different parties . . .

"Where . . . the presiding judge pending a divorce suit places the minor children of the litigants in the possession of third parties prior to the final decree as authorized by Code Ann. § 30-127, . . . and Code § 30-206, such third parties . . . are mere temporary custodians of the children, agents of the court, appointed for the convenience of the judge to aid him in seeing that the children are adequately cared for until his further order."

The *Graham* case, supra, describes the nature of a temporary custody order and points up the difference between it and the award of permanent custody when divorce is granted. The temporary custody hearing does not decide any final issues between the parties. It would not be an appealable judgment in this case in the absence of the trial judge's certificate for immediate review. The child may be given to one person at one hearing and a different disposition be made at another hearing. Should the divorce case be dismissed the temporary order is immediately nullified. Because of the difference in its nature and purpose from an award of permanent custody, the temporary order is not governed by the same rules of law as the permanent custody.

In the present case the evidence showed that the home in which the minor child (about two years old) had been placed by a previous order was an ideal home for a child.

The temporary custodian had daughters of her own. She had willingly accepted responsibility for the care of the child on a temporary basis, but was not seeking permanent custody. The father of the child lives on the same property on which the custodian's home is located, and spends time with the child. The mother has visitation rights. The evidence showed that the child's health had improved since she had been in the care of the temporary custodian, and she was happy and content there.

In view of the broad discretion given the trial judge in a temporary award of custody, we are of the opinion that he did not abuse his discretion in placing the child with a third person pending the divorce suit, even though both parents appear to be fit persons to have its permanent custody.

*Judgment affirmed. All the Justices concur, except Undercofler and Hawes, JJ., who dissent.*