## 63519. HANCOCK v. FRANKS.

SOGNIER, Judge.
Olivian Hancock (formerly Franks) and William Franks were divorced in 1974 and pursuant to the divorce decree, Hancock was awarded custody of their minor child Lori. On August 26, 1980 Franks filed a petition to modify custody alleging a change in conditions. The trial court entered a "temporary" order on September 24, 1980

awarding joint custody to Hancock and Franks and establishing the visitation rights of the parties. No attempt was made to appeal this order. The case was set for a further hearing on September 4, 1981. Hancock filed a motion to dismiss any further proceedings on the ground that the trial court's order of September 24, 1980 was a final order and that any proceedings following that order were a nullity. The trial court denied Hancock's motion and on September 14, 1981 issued a final order awarding custody of the child to Franks. This court granted appellant's application for discretionary appeal. We reverse.

Appellant contends that the trial court erred in entering the order on September 14, 1981 because the September 24, 1980 order was a final judgment disposing of the case. We agree. " 'A judgment fixing the custody of a minor child of divorced parents is a final one on the facts then existing, and any attempt by the trial judge to retain jurisdiction of the child is a nullity.' [Cits.]" *Simpson v. Moon,* 238 Ga. 152, 153 (231 SE2d 754) (1977). Any language contained in a judgment which purports to make the custody award temporary or retain jurisdiction in the court to amend or modify the award has no effect. *Banister v. Banister,* 240 Ga. 513, 514 (241 SE2d 247) (1978).

Appellee's reliance on *Rowell v. Rowell,* 211 Ga. 127 (84 SE2d 23) (1955) is misplaced because in that case the trial judge in the original divorce action had not entered a final judgment fixing custody but expressly held the matter in abeyance until a later date. *Goodloe v. Goodloe,* 211 Ga. 894, 897 (89 SE2d 654) (1955); *Banister,* supra, at 514.

Thus, the trial court erred in entering the order on September 14, 1981 granting custody to Franks.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 23, 1982.

*Richard L. Moore, Robert I. Donovan,* for appellant.
*William E. Cetti,* for appellee.