*J. David Fowler, Assistant District Attorneys*, for appellee.

67929. DRAPER et al. v. DRAPER.

SOGNIER, Judge.

Appellant Steven Clyde Draper (the father) and appellee Stephanie Anne Draper (the mother) were divorced on December 13, 1982, and custody of their three minor children was awarded to the mother. On May 16, 1983, the father and his mother, appellant Marilyn J. Wools (the grandmother), filed a petition for change of custody alleging a change of conditions and seeking temporary and permanent custody of the children in the grandmother with visitation rights in the parents. The petition was amended on June 1, 1983 to request that custody of the children be permanently transferred to the father, but that in the event the court did not award custody to the father, the grandmother be awarded custody of the children. At a "final hearing" held on June 3, the father withdrew his request for custody of the children. The trial court, after hearing testimony, receiving exhibits and argument of counsel, found that at that time neither the mother nor the father was a proper parent for the raising of the minor children. Because the court was "not ready to deny either parent the permanent custody of their minor children . . .," it did not make a permanent change of custody but instead awarded temporary custody to the grandmother until September 1, 1983, at which time a further hearing would be held at the request of either party. No appeal was taken from this order, but on September 14, 1983, the father filed a motion to dismiss any further proceedings on the ground that the order of June 3 was a final judgment and the trial court was without jurisdiction to make any additional determinations concerning custody or to otherwise amend or modify that judgment. The motion to dismiss was denied and we granted appellants' application for interlocutory appeal from that order. We reverse.

This case is directly controlled by our decision in *Hancock v. Franks*, 162 Ga. App. 691, 692 (293 SE2d 353) (1982), in which we stated: " ' "A judgment fixing the custody of a minor child of divorced parents is a final one on the facts then existing, and any attempt by the trial judge to retain jurisdiction of the child is a nullity." [Cits.]' [Cit.] Any language contained in a judgment which purports to make the custody award temporary or retain jurisdiction in the court to amend or modify the award has no effect. [Cit.]" Therefore, the trial court erred in denying appellants' motion to dismiss any further proceedings to amend or modify the judgment of June 3, 1983, awarding custody of the minor children to the grandmother.

*Judgment reversed. McMurray, C. J., concurs. Deen, P. J., con-*

*curs in the judgment only.*

DECIDED APRIL 24, 1984.

*F. Marion Cummings*, for appellants.
*Gene E. Garrison*, for appellee.