## 77443. ASHBURN BANK v. GORDAY.
(377 SE2d 30)

Carley, Judge.

Appellee filed a motion to set aside a judgment which had been entered against her and in favor of appellant. The parties filed cross-motions for summary judgment and a hearing was held. Prior to the entry of an order on the motions, appellee died and appellant filed in the trial court a suggestion of the death. However, the record contains no motion that the proper party be substituted for the deceased party nor any order of the trial court for such substitution. The trial court denied the motions for summary judgment but certified its orders for immediate review. This court granted appellant's application for interlocutory appeal from the denial of its motion for summary judgment.

" 'A deceased person cannot be a party to legal proceedings. While the death of a party does not abate a pending action where the cause of action survives ([cit.]), nevertheless the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings. [Cits.] Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent. [Cits.] . . . Since it appears that there is no living [appellee] in this case and that none can be supplied by amendment or by order of this court, it follows that the appeal is a nullity. [Cit.] . . .' [Cit.] . . . [T]he proceedings subsequent to [appellee's] death, including the [denial] of summary judgment to [appellant], are void, not merely voidable. [Cit.] ' "On the death of a party . . . , the action is suspended and the suspension has the same temporary effect on the rights of the parties as though the suit actually abated. The action remains in abeyance and cannot proceed until someone is substituted for the decedent . . . , and the personal representative or heirs of the decedent are not required to take notice of the pendency or defend the action until they are made parties." ' [Cit.]" *Allen v. Cloudburst Mfg. Co.*, 162 Ga. App. 188-189 (290 SE2d 529) (1982). See also *Cornett v. Hampton Court, Ltd.*, 176 Ga. App. 662 (338 SE2d 72) (1985). "Accordingly, we [dismiss] the instant appeal with the 'admonition' that the proceedings occurring in the trial court after [appellant's] death are, as to [her], void." *Allen v. Cloudburst Mfg. Co.*, supra at 189.

*Appeal dismissed. Deen, P. J., and Sognier, J., concur.*

Decided December 5, 1988.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.

*B. H. Baldwin*, for appellee.