A90A0344. MINK v. MINK.
(395 SE2d 237)

DEEN, Presiding Judge.

Carl and Merrylee Mink married on April 27, 1977, subsequently gave birth to one child during their union, and divorced in DeKalb

County, Georgia, on February 15, 1985. In the divorce decree Carl Mink was awarded custody of the child.

Carl Mink later obtained a position as an accountant for the new Vrindaban Hare Krishna community in West Virginia, and some time in 1986 he and the child moved there. On October 25, 1986, the child returned to Atlanta for one week of visitation with her mother, and on October 30, 1986, Merrylee Mink filed a petition for change of custody. In the petition Merrylee Mink asserted that the Hare Krishna commune in West Virginia had been cited for unsanitary living conditions and contaminated food, causing several children to contract hepatitis, typhoid fever, and other diseases; the petition also alleged that the United States Justice Department and State of West Virginia were investigating the commune for various criminal offenses.

In the petition Merrylee Mink alleged that Carl Mink and the child had moved to West Virginia on July 15, 1986. In answering the petition, Carl Mink asserted that they moved on April 13, 1986, and moved to dismiss the petition on the basis that Georgia was no longer the home state of the child or the appropriate forum to hear the custody petition. On December 5, 1986, following a temporary hearing, the trial court denied Carl Mink's motion to dismiss and placed temporary custody of the child with Merrylee Mink, pending the trial of the case.

Nothing further transpired in the case until early 1988, when Carl Mink moved for a final hearing on the matter. A hearing was begun on March 22, 1988, but was truncated when the trial court decided to refer the matter to the Neighborhood Justice Center for mediation. Carl Mink subsequently moved for partial summary judgment on two specific issues, i.e., whether Merrylee Mink bore the burden of proof and whether evidence adduced at the temporary hearing in December 1986 would be considered by the trial court at the final hearing. The trial court ruled negatively on both issues and denied the motion. Carl Mink again had to move to bring the matter on to a final hearing, which was held on June 5, 6, and 9, 1989. Following that hearing the trial court concluded that Carl Mink had not demonstrated a material change of circumstances, and that it was in the best interests of the child to leave custody with the mother. This discretionary appeal by Carl Mink followed. *Held*:

1. At the final hearing, the trial court only allowed the parties to present the live testimony of each party and one witness, pursuant to Rule 24.5 of the Uniform Superior Court Rules. Any other testimonial evidence had to be submitted by affidavit. We agree with the appellant that in doing so the trial court erred. Rule 24.5 by its own terms applies only to temporary hearings; application of that rule to a final hearing impermissibly restricts the right of cross-examination. OCGA § 24-9-64, generally; see *Camp v. Camp*, 213 Ga. 65 (2) (97 SE2d 125)

(1957).

2. In a change of custody action, evidence of the circumstances of the parties prior to the last custody award is inadmissible. *Mallette v. Mallette*, 220 Ga. 401 (139 SE2d 322) (1964). The necessary corollary is that evidence of circumstances following the last award is admissible. The trial court's order of December 5, 1986, temporarily placing the child with the mother as an emergency matter, did not render immaterial the evidence considered by the trial court in reaching that decision. It is clear that the trial court understood that a final hearing would follow, at which all of the evidence of circumstances of the parties since the date of the divorce decree could be adduced and reviewed. The trial court subsequently presiding over the final hearing thus erred in excluding evidence of the circumstances that existed between the date of the divorce decree and the order of December 5, 1986.

3. In a child custody action, a change of custody may be awarded only upon a showing of a change in material circumstances of a parent or the child subsequent to the previous custody award, and that the change in custody would be in the best interest of the child. OCGA § 19-9-1, generally; *Blackburn v. Blackburn*, 168 Ga. App. 66 (308 SE2d 193) (1983). The trial court placed the burden of proof on the appellant, because of the order of December 5, 1986, temporarily placing the child with the mother, and because the appellant had moved to bring the action to a final hearing.

"A decree awarding temporary custody [pending the custody determination] is a matter of discretion with the court. It is not an adjudication of the rights of the parties. The best interests of the child pending adjudication of the rights of the mother and father are the basis for the award. The parental rights of the parties are not adjudicated by the award of temporary custody. A temporary award of custody differs from a permanent award as the latter is a final adjudication of the rights of the parties on the existing facts, is res judicata, and is subject to change only upon a showing of change of conditions affecting the best interests of the child." *Adams v. State*, 218 Ga. 130, 131 (126 SE2d 624) (1962).

The order of December 5, 1986, was a stop-gap measure until the final adjudication on the mother's petition for change of custody could take place. The mother had the burden of proof with regard to that petition, and retained that burden at the eventual final hearing. The fact that the appellant, in response to the lengthy inaction in the matter, filed the motion that brought the action to a final hearing did not bestow upon him the burden of proof in his adversary's petition. The trial court erred in doing just that.

In asserting that the order of December 5, 1986, was final and that the subsequent proceedings and final order of August 9, 1989,

were a nullity, the special concurrence misplaces its reliance upon *Perry v. Perry*, 212 Ga. 668 (1) (95 SE2d 2) (1956). *Perry*, which held that "[a] judgment fixing the custody of a minor child of divorced parents is a final one . . .," is inapposite to the instant case, because the order of December 5, 1986, was not a judgment fixing the custody; as discussed above, that order was merely an emergency, temporary measure until the custody of the child could be fixed.

4. The evidence in this case was of the ilk that would tax the patience and wisdom of Solomon. Both parents were fit and loving of the child; the child was bright, excelled in school, and loved both parents. There were somewhat exotic aspects to each parent. The appellant was a long-time adherent of Hare Krishna, although in recent years this participation has diminished. His present wife was also in the Hare Krishna movement, having spent about 10 years traveling as a bookseller for the movement. The appellee also had been a participant in the Hare Krishna movement. In more recent years, for a while she had joined the Mahikari DoJo practicing Mahikari, which, as explained by a Fulton County assistant district attorney who testified on the appellee's behalf, is a spiritual discipline involving a technique of spiritual purification by focusing divine energy primarily through the palm of one's hand ("giving light"). More recently, she had participated in seminars of the Circle of Life, another consciousness-raising, positive-thinking type of humanistic self-improving discipline.

Because of the closeness of the evidence, the improper shifting of the burden of proof, the incorrect exclusion of relevant evidence, and the erroneous restriction of the live testimony in this case, the trial court's award of custody cannot be upheld. The matter will unfortunately have to be reheard.

5. The appellant's remaining enumerations of error are without merit.

*Judgment reversed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

The appeal should be reversed but for a different reason. According to the following cases, the order of December 5, 1986, despite its language contemplating its temporary nature, was a final judgment: *Draper v. Draper*, 170 Ga. App. 727 (318 SE2d 314) (1984); *Hancock v. Franks*, 162 Ga. App. 691 (293 SE2d 353) (1982); *Simpson v. Moon*, 238 Ga. 152 (231 SE2d 754) (1977); and the cases cited therein. What governed in those cases and governs in this one is the rule stated in *Perry v. Perry*, 212 Ga. 668 (1) (95 SE2d 2) (1956): "A judgment fixing the custody of a minor child of divorced parents is a final one on the facts then existing and any attempt by the trial judge to retain jurisdiction of the child is a nullity." By application in the later cases

cited above, this rule from *Perry*, which involved a divorce action, was extended to post-divorce change-of-custody proceedings.

Temporary custody may be awarded pending divorce proceedings. OCGA § 19-9-1.[1] *Adams v. State*, 218 Ga. 130 (126 SE2d 624) (1962), a case quoted by the majority but involving a temporary custody order during a divorce proceeding, explained at pages 131-132 that in such circumstances, "[t]he best interests of the child pending adjudication of the rights of the mother and father are the basis for the award. The parental rights of the parties are not adjudicated by the award of temporary custody. A temporary award of custody differs from a permanent award as the latter is a final adjudication of the rights of the parties on the existing facts, is res judicata, and is subject to change only upon a showing of change of conditions affecting the best interests or the child."

While a change of custody pending a final full-blown hearing and order in a change of condition case may seem prudent, the upset inherent in shifting the child back and forth from parent to parent is good reason for not allowing it. This policy is strengthened by the wisdom of avoiding protracted hearings and inordinate delays in reaching finality concerning the best interests of the child, who may be adversely affected by the passage of each day (if custody should be changed) and by the uncertainty inherent in temporariness even if the most appropriate custodian is the current one.

Since the order of December 5 was final, the further proceedings and the order of August 9, 1989, were a nullity insofar as custody is concerned, and no appeal on the merits or internal procedural aspects lies. See *Ashburn Bank v. Gorday*, 189 Ga. App. 565 (377 SE2d 30) (1988), where appeal from a void judgment would not lie. The judgment should be reversed for this reason, with the effect of leaving custody in the mother who was awarded it in December 1986. The father's remedy was to have appealed from that order or he could have sought change by a new petition. *Blalock v. Blalock*, 247 Ga. 548 (277 SE2d 655) (1981).

DECIDED MAY 15, 1990 —
REHEARING DENIED MAY 29, 1990 —

*Russell & Herrera, Ann J. Herrera*, for appellant.
*Dean, Setliff & Smith, William T. Dean, Jr., James T. Barfield III*, for appellee.

---

[1] The limited temporary custody authorization contained in subsection (a) is not at issue.