### A90A1850. HIGHTOWER v. MARTIN.
(403 SE2d 862)

BEASLEY, Judge.
In May 1988, Martin filed a complaint seeking to change custody of the parties' two minor sons from their father, Hightower, to herself.

The father was awarded custody of the children under the parties' June 1987 divorce decree, primarily because the mother was living in a state of bigamous cohabitation.

The mother sought a change of custody on the ground that she has since remarried and established a stable home environment. The parties scheduled a "temporary hearing" on the complaint in December, under USCR § 24.5. At its conclusion, the court deferred ruling until a psychological evaluation of the children had been conducted. See OCGA § 19-9-3 (a). These evaluations were received in June 1989.

On August 7, the trial court entered a "temporary order" changing custody of the children from the father to the mother, based on findings "that the conditions and circumstances surrounding the child or parent out of custody have so changed that the welfare of the child would be substantially enhanced by modifying the original judgment." See *Robinson v. Ashmore*, 232 Ga. 498, 501-502 (III) (207 SE2d 484) (1974). Seven days later the court granted a certificate of immediate review. The father applied for interlocutory appeal, contending that the evidence did not authorize the finding of a material change in conditions substantially affecting the interest of the minor children subsequent to rendition of the divorce decree. The application was denied.[1]

In December, the father filed a "motion for final adjudication for child custody," to which the mother pled res judicata. The court sus-

---

[1] As will appear below, it should have been dismissed as the application should have been for discretionary review. OCGA § 5-6-35 (a) (2).

tained the plea on the ground that the August 7 order entered by a colleague constituted a final judgment. We granted the father's application for discretionary appeal. OCGA § 5-6-35 (a) (2).

Pending final judgment in a divorce action, a trial court has statutory authority to make a temporary award of child custody. OCGA § 19-6-14. "A decree awarding temporary custody is a matter of discretion with the court. It is not an adjudication of the rights of the parties. The best interests of the child pending adjudication of the rights of the mother and father are the basis for the award. The parental rights of the parties are not adjudicated by the award of temporary custody." *Adams v. State*, 218 Ga. 130, 131 (126 SE2d 624) (1962); OCGA § 19-9-1 (a).

However, in a post-divorce child custody modification action, as authorized by OCGA §§ 19-9-1 (b) and 19-9-3 (b), the trial court is without authority to enter a "temporary" custody award. *Hancock v. Franks*, 162 Ga. App. 691, 692 (293 SE2d 353) (1982); *Draper v. Draper*, 170 Ga. App. 727 (318 SE2d 314) (1984); accord *Wilkinson v. Lee*, 138 Ga. 360, 364 (3) (75 SE 477) (1912); see *Johnson v. Johnson*, 211 Ga. 791, 794 (89 SE2d 166) (1955). But see *Mitchell v. Mitchell*, 184 Ga. App. 903, 904-905 (1) (363 SE2d 159) (1987); *Mink v. Mink*, 195 Ga. App. 760, 761 (1) (395 SE2d 237) (1990) (Beasley, J., concurring specially); cf. *Osgood v. Dent*, 167 Ga. App. 406, 408 (1) (306 SE2d 698) (1983).

"A judgment awarding custody of minor children of the parties in a divorce action is conclusive on the facts as they then exist; and unless there is a change in circumstances substantially affecting the welfare of the minor children since the date of the former decree, the court can not modify or change the decree so as to change the status as to custody. [Cits.]" *Fennell v. Fennell*, 209 Ga. 815, 817-818 (76 SE2d 387) (1953). "A judgment fixing the custody of a minor child is conclusive between the parties, and the principle of res judicata is applicable, unless a material change in circumstances substantially affecting the welfare of the child is made to appear." *Madison v. Montgomery*, 206 Ga. 199 (1) (56 SE2d 292) (1949).

In this case, the court in August granted a change of custody after determining that a change of circumstances substantially affecting the welfare of the minor children warranted it. An application to appeal that order was denied. The principle of res judicata governed the father's motion for "final adjudication."

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED MARCH 6, 1991.

*J. Stanley Smith, Jr.*, for appellant.
*Jones, Jones & Hilburn, Eric L. Jones, Morris S. Robertson*, for

appellee.