A94A0591. PARTON v. HAVILAND et al.
(442 SE2d 806)

BIRDSONG, Presiding Judge.

Grady Allan Parton seeks custody of his child, Rene, born in January 1989, who has lived with her maternal grandmother for all but four months of her life. Parton has legitimated his daughter, has married and is employed, and claims to have established a secure and positive lifestyle. Appellee grandmother has custody by virtue of this order of January 16, 1991: "The . . . matter having come before the court for hearing on January 10, 1990, on [the maternal grandmother's] complaint for immediate temporary custody of Jennifer Rene Haviland . . . and the Court having heard evidence thereon and arguments of counsel; It is hereby ordered and adjudged as follows: (a) Plaintiff [maternal grandmother] is to have custody and control of the child for one year to give defendants [father and mother] time to get their lives straightened out, at the end of which time the court will review such progress for another determination; (b) Both defendants shall have reasonable visitation rights with the child. So ordered."

On August 12, 1993, appellant filed the instant petition for change of custody. Appellee grandmother answered, contending that the January 16, 1991 award was not a temporary order but was an order which implicitly determined appellant's unfitness, and was a final judgment which deprived the court of further jurisdiction to amend or modify it. *Draper v. Draper,* 170 Ga. App. 727 (318 SE2d 314).

At the hearing on the father's petition, the grandmother argued that the January 16, 1991 award did not say she was to have "tempo-

rary" custody, and that it implicitly made a finding of parental unfitness with the consequence that it was a permanent order and therefore "is subject to change only upon a showing of change of conditions affecting the best interests of the child." *Adams v. State*, 218 Ga. 130, 131 (126 SE2d 624). See also *Mink v. Mink*, 195 Ga. App. 760, 762 (395 SE2d 237) which is physical precedent only (Court of Appeals Rule 35 (b)), but in which the special concurrence agrees with the point just quoted.

The trial court issued an order October 13, 1993, stating that its order of January 16, 1991 "is a permanent award of custody to the grandmother." We granted an interlocutory appeal. *Held*:

1. It is very well settled in this state that as between a parent and a third party, "the parent is entitled to custody of the child unless the third party shows by 'clear and convincing evidence' that the parent is unfit or otherwise not entitled to custody. . . . Additionally, evidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of *present* unfitness is required." *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821).

In the January 16, 1991 order, there is no finding by clear and convincing evidence that appellant was unfit and it is therefore insufficient to terminate appellant's right to custody of his child.

Where it is unclear what standard of evidence the trial court relied upon in its ruling in a custody case, we must remand the case for a determination of the father's present fitness for custody under the standard enunciated in *Blackburn*, supra. *In re R. L. L. & J. M. L.*, 258 Ga. 628 (373 SE2d 363).

2. We reject out of hand appellee's contention that the January 16, 1991 order was a permanent custody order and not a temporary custody order. We likewise reject appellee's argument that the order implicitly found the father unfit. The order on its face limits its custody award to the grandmother to one year to give the parents time to get their lives straightened out. Not only does it make no finding of the father's unfitness, it expressly avoids a finding of unfitness and fully retains to the father his parental rights. There is no bona fide controversy as to the fact that this order on its face was intended to be, and was, an award of temporary custody. The trial court erred in entering an order stating that the January 16, 1991 order was a permanent award of custody.

3. Appellee further contends the January 16, 1991 order was a "permanent" order because the trial court's attempt to retain jurisdiction to modify the award was a nullity. *Banister v. Banister*, 240 Ga. 513 (241 SE2d 247); *Draper*, supra. Assuming that the rule of finality of temporary custody awards with respect to divorce decrees (see *Simpson v. Moon*, 238 Ga. 152 (231 SE2d 754)) applies to other

custody disputes, nevertheless a null attempt to retain jurisdiction of the award does not deprive the order of its nature as temporary.

Moreover, assuming the January 16, 1991 order was a "final" judgment and a "permanent" award, it was insufficient to deprive the father of his prima facie right to custody as against a third party, for it contained no finding of clear and convincing evidence of his unfitness as required by *Blackburn*, supra.

4. Appellee insists: "Once a third party has been awarded *permanent* custody of a child in a court proceeding to which a parent was a party, the roles of the parent and the third party reverse . . . the third party now has the prima facie right to custody as against the parent who has lost the right to custody. The parent can regain custody upon showing by clear and convincing evidence his or her present fitness as a parent and that it is in the best interest of the child that custody be changed." (Emphasis supplied.) *Durden v. Barron*, 249 Ga. 686 (290 SE2d 923).

This passage refers only to a *permanent* award which was made properly upon an evidentiary hearing with specific findings as required by *Blackburn*, supra. As the January 16, 1991 award was not a permanent award and there were no such findings, it cannot operate to remove the parent's prima facie right to custody, and *Durden* does not apply.

5. In view of the clear law set forth by the Supreme Court in *Blackburn*, supra, which is well known in this state and which forbids as unconstitutional the deprivation of a parent's rights in favor of a third party without an evidentiary showing and finding of clear and convincing evidence of the parent's present unfitness, we think the approach taken by appellee grandmother to confuse the issues and to represent as "permanent" an award which was clearly intended to be temporary is inappropriate. The special concurrence in *Mink*, supra at 764, lauds "the wisdom of avoiding protracted hearings and inordinate delays in reaching finality concerning the best interests of the child, who may be adversely affected by the passage of each day (if custody should be changed) and by the uncertainty inherent in temporariness even if the most appropriate custodian is the current one." It would have been a solomonic wisdom had appellee eschewed any attempt to avoid the proper judicial process for getting and keeping custody of appellant's child. The redefining of the January 16, 1991 order by the trial court at appellee's urging attempts nunc pro tunc to give her permanent custody with no finding of parental unfitness as required by *Blackburn*, supra; if sustained, it would give the prima facie right to custody to appellee by requiring appellant father to show a change of condition. That the trial court was wrongly persuaded by appellee's arguments adds no merit to them. If appellee is confident the evidence will support her, she has no reason to avoid

producing that evidence. The device of promoting as a "permanent" custody award what was on its face intended to be limited to one year to give the parents time to straighten out their lives perverts the judicial process, deprives the father of his parental rights without due process of law under *Blackburn,* supra, and does injury to the child. To suggest that the January 16, 1991 order "impliedly" found the father unfit, when it made no such finding and clearly expressed the intent to retain to him his full parental rights, has done nothing but cause unnecessary expense to appellant and unhealthy delay in the status of the child.

The judgment below is reversed and the trial court is directed to vacate its order of October 13, 1993, and proceed not inconsistently with *Blackburn,* supra.

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

### On Motion for Reconsideration.

Appellee grandmother insists that "it certainly was not . . . a perversion of the judicial process to . . . argue that the trial court's order which was clearly intended to be temporary, was instead a final judgment," for cases have held that "a decree awarding child custody is final and may not be modified or changed after the term in which it was rendered except upon a change in conditions affecting the welfare of the child." *Banister v. Banister,* 240 Ga. 513, 514 (241 SE2d 247); see *Draper v. Draper,* 170 Ga. App. 727 (318 SE2d 314).

However, appellee misstates what she contended below and in this appeal. Her argument that the 1991 award was "final" was devised to prove that because the trial court's attempt to retain jurisdiction for a year was "null," the award was "permanent" and fixed custody in her, thereby removing the father's prima facie right to custody, and reversing the roles of parent and third party so that the parent can regain custody only by showing "by clear and convincing evidence his . . . present fitness as a parent and that it is in the best interest of the child that custody be changed." *Durden v. Barron,* 249 Ga. 686 (2) (290 SE2d 923).

We held that the fact that the 1991 order was "final" does not mean it was a "permanent" award removing the father's prima facie right to custody. In a custody contest between a parent and third party, the parental right to custody "may be *lost* only . . . by clear and convincing evidence one of . . . parental unfitness is shown to exist." Id. at (1). The father's prima facie rights to custody were never removed by the 1991 award and merely calling it "permanent" did not have that effect.

Appellee insists that the 1991 order "is not the order on appeal [and] the sufficiency of the findings contained therein [is] not in is-

sue." However, the sufficiency of the 1991 order is most assuredly in issue today, because appellee convinced the trial court that the order ruled the parents unfit and fixed permanent custody in herself, with the result that the father lost his prima facie right to custody. Appellee's arguments and procedures, including persuading the trial court to rule that the 1991 order was "permanent," thwart the law stated in *Blackburn v. Blackburn*, supra at 692, that where a third party seeks custody from a natural parent, "the parent is entitled to custody of the child unless the third party shows by 'clear and convincing evidence' that the parent is [*presently*] unfit or otherwise not entitled to custody under [OCGA §§ 19-7-1 and 19-7-4]." It is this burden which appellee seeks to avoid by representing the 1991 award as what it never was and was never intended to be. As an effort to remove the father's prima facie right to custody, reverse the roles of the parties and avoid proving his unfitness while keeping custody of his child, appellee grandmother's arguments are wholly inappropriate and, as we said, are a perversion of the process by which she, as a third party, may get "permanent" custody of appellant's child.

The 1991 award was "final" and could not be modified *including by calling it permanent nunc pro tunc*. See *Hightower v. Martin*, 198 Ga. App. 855 (403 SE2d 862). This "finality" of that award simply means appellant was required to file a "separate suit" to get custody of his child (*Bragg v. Bragg*, 224 Ga. 733, 734 (164 SE2d 560)), and that is what he did. The appellee third party bears the burden of proof as stated by the Supreme Court in *Blackburn*, supra.

*Motion for reconsideration denied.*

DECIDED MARCH 9, 1994 —
RECONSIDERATION DENIED APRIL 6, 1994 — 

*Gardner, Willis, Sweat & Goldsmith, William G. Johnston III*, for appellant.

*Vansant, Corriere, McClure & Dasher, John M. Vansant, Jr., K. Alan Dasher*, for appellees.