A94A0029, A94A0030. PHILIPS MEDICAL SYSTEMS NORTH AMERICA COMPANY v. DIAGNOSTIC EQUIPMENT SERVICES, INC.; and vice versa.

(444 SE2d 345)

BIRDSONG, Presiding Judge.

Philips Medical Systems ("Philips") appeals from a judgment, based upon a jury verdict, in favor of Diagnostic Equipment Services ("DES") on a claim based upon OCGA § 11-2-722 arising from the delay in delivery of a CT-Scanner machine. The record shows that the claim arises from a series of contracts to buy and sell the machine which at the time of the original contract was located at the University of South Carolina Hospital. With the understanding that Access Medical Equipment Group would subsequently obtain the CT-Scanner, DES contracted to buy the machine from Access. Two days later Philips agreed to sell to Access the CT-Scanner, which Philips would obtain from the University of South Carolina Hospital. All the contracts provided that the CT-Scanner removal date, i.e., "the deinstallation date," would be January 30, 1991.

Apparently because of the reluctance of the University Hospital to release the machine, the machine was not deinstalled as anticipated and there was a delay in the delivery of the machine. As a result, DES sued Philips to recover for damages resulting from the delay under OCGA § 11-2-722 ("Who can sue third parties for injury to goods"): "Where a third party so deals with goods which have been identified to a contract for sale as to cause actionable injury to a party to that contract: (a) A right of action against the third party is in either party to the contract for sale who has title to or a security interest or a special property or an insurable interest in the goods. . . . (b) If at the time of the injury the party plaintiff did not bear the risk of loss as against the other party to the contract for sale and there is no arrangement between them for disposition of the re-

covery, his suit or settlement is, subject to his own interest, as a fiduciary for the other party to the contract."

Philips alleges on appeal that the trial court erred by denying its motions for summary judgment and for a directed verdict because there is no claim under OCGA § 11-2-722 because there was no actionable injury, by denying its motion for a directed verdict on damages because DES could suffer no loss, by charging on negligence without fully charging on OCGA § 51-1-11 (a), by denying its motion for a directed verdict on litigation expenses under OCGA § 13-6-11 since the evidence showed that a bona fide dispute existed, and by failing to charge that expenses of litigation are not authorized if the jury found that a bona fide controversy existed.

In the cross-appeal DES contends the trial court erred by dismissing its claims for fraud based upon Philips' representations that the CT-Scanner would be delivered as promised. *Held*:

### Case No. A94A0029

1. (a) Regarding Philips' claim that the trial court erred by denying its motion for a directed verdict on DES's claim under OCGA § 11-2-722, this court must review and resolve the evidence and any doubt or ambiguity in favor of the verdict; a directed verdict is not authorized unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom demands a certain verdict. *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268).

In this instance, however, we find that Philips was entitled to a directed verdict on this claim because OCGA § 11-2-722 does not create a cause of action for a claim against Philips. OCGA § 11-2-722 merely determines which party to a contract may bring an action against a third party who has otherwise committed an actionable injury against identifiable property that is the subject of the contract. Statutes are to be construed in accordance with their real intent and meaning (*Johnson v. Housing Auth. of Atlanta*, 198 Ga. App. 816, 817 (403 SE2d 97)), and a statute should be read according to its natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation. *Burbridge v. Hensley*, 194 Ga. App. 523, 524 (391 SE2d 5). Therefore, it is clear that OCGA § 11-2-722 creates no cause of action in tort for what would otherwise be at best a breach of contract claim. Thus, since DES otherwise had no independent cause of action against Philips, it could not bring an action based on OCGA § 11-2-722. Under these circumstances, the trial court erred by denying Philips' motion for a directed verdict.

(b) The denial of the motion for summary judgment is moot.

2. In view of our disposition of this enumeration of error, Philips' other enumerations of error asserting the denial of a directed verdict on damages and various charging errors are moot. Moreover, DES was not entitled to recover on its claims against Philips; hence, it could not recover on its claims under OCGA § 13-6-11.

Accordingly, the judgment of the trial court is reversed and the trial court directed to enter judgment awarding a directed verdict for Philips.

### Case No. A94A0030

3. In its cross-appeal DES alleges that the trial court erred by granting Philips' motion for partial summary judgment on DES's claims for negligent misrepresentation and fraud. It is apparent from the evidence presented that DES had no contract with Philips and was thus not within the scope of those who might assert a claim for negligent misrepresentation. See *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 682 (300 SE2d 503). Further, since the evidence shows that DES had contracted to purchase the CT-Scanner before the time that Philips had a contract to sell the machine, DES cannot claim that it relied upon Philips' representations.

As to the claim of fraud, in this case a claim for actionable fraud cannot be based upon Philips' representation that the CT-Scanner would be available on a future date. *Jackson v. Brown*, 209 Ga. 78, 80 (70 SE2d 756); *Phillips v. Atlantic Bank &c. Co.*, 168 Ga. App. 590 (309 SE2d 813). Further, there is no evidence that at the time Philips promised the CT-Scanner would be available, Philips then knew the CT-Scanner would not be available as promised. See *Hayes v. Hallmark Apts.*, 232 Ga. 307, 308 (207 SE2d 197). Thus, in this case the evidence does not demand a finding that the promise was made as to a future event without a present intent to perform the promise. *Community Fed. Savings &c. Assn. v. Foster Developers*, 179 Ga. App. 861, 864 (348 SE2d 326). Accordingly, the judgment in Case No. A94A0030 is affirmed.

*Judgment affirmed in Case No. A94A0030 and reversed with direction in Case No. A94A0029. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 25, 1994 —
RECONSIDERATION DENIED MAY 16, 1994.

*Finestone, Morris & Wildstein, Robert D. Wildstein, Troy S. Kozak*, for appellant.
*Wood & Perry, Jere F. Wood*, for appellee.