## A97A1501. MASSEY v. MASSEY.
(490 SE2d 205)

RUFFIN, Judge.

Jody Dewayne Massey appeals from the trial court's order denying his motion to dismiss further proceedings in this action. For reasons which follow, we affirm.

Gail and Jody Massey were divorced in September 1995 pursuant to a Final Divorce Judgment and Decree. The decree awarded Mr. Massey permanent physical and legal custody of their minor child. Ms. Massey subsequently petitioned for temporary and permanent custody of the child. Shortly after Ms. Massey filed her petition, the trial court held a hearing, received evidence, and issued a "Temporary Order" with findings of fact and conclusions of law. As stated in its order, the trial court found no "significant change of circumstances affecting change of custody of the minor child." Consequently, the trial court ordered that "temporary custody of the [child] remain the same, therefore; custody remains the same on a temporary basis in Defendant Jody Dewayne Massey."

After the trial court entered its order, Mr. Massey filed a motion to dismiss further proceedings in the action on the ground that the trial court had finally adjudicated all issues in the case. The trial court denied Mr. Massey's motion, but issued a certificate of immediate review. We granted Mr. Massey's application for interlocutory appeal.

On appeal, Mr. Massey contends that the trial court erred in not dismissing all remaining proceedings in his ex-wife's action. He claims that the trial court had no authority to enter a "temporary" order regarding custody in this case. He argues, therefore, that the trial court's order must be viewed as a final adjudication of custody. We disagree.

Citing *Hightower v. Martin*, 198 Ga. App. 855 (403 SE2d 862) (1991), Mr. Massey argues that Georgia law does not provide for temporary relief during change of custody proceedings. In *Hightower*, we concluded that "in a post-divorce child custody modification action, as authorized by OCGA §§ 19-9-1 (b) and 19-9-3 (b), the trial court is without authority to enter a 'temporary' custody award. [Cits.]" Id. at

856. Following the *Hightower* decision, however, the General Assembly added a new subsection to OCGA § 19-9-3, which provides: "Upon the filing of an action for a change of child custody, the court may in its discretion change the terms of [child] custody on a temporary basis pending final judgment on such issue. Any such award of temporary custody shall not constitute an adjudication of the rights of the parties." OCGA § 19-9-3 (e); Ga. L. 1993, p. 1983, § 1.

Comparing this subsection to OCGA § 19-13-3 (b), Mr. Massey contends that the temporary custody provision of subsection (e) contemplates ex parte relief in emergency situations. Nothing in this subsection, however, restricts the trial court's discretion to emergencies requiring ex parte relief. Compare OCGA § 19-13-3 (b): "Upon the filing of a verified petition [alleging family violence], the court may order such *temporary relief ex parte* as it deems necessary to protect the petitioner or a minor. . . ." (Emphasis supplied.) "[A] statute should be read according to its natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation. [Cit.]" *Philips Med. &c. Co. v. Diagnostic Equip. Svcs.*, 213 Ga. App. 236, 237 (1) (a) (444 SE2d 345) (1994). A plain reading of OCGA § 19-9-3 (e) reveals that once a petition for change of child custody is filed, the trial court has the discretion to temporarily change the terms of custody pending final judgment on the issue. The contrary rule stated in *Hightower* is no longer applicable.

In her petition, Ms. Massey specifically sought *temporary*, as well as permanent, custody of the child. Following a hearing, the trial court denied her request for temporary custody, instead awarding custody "on a temporary basis" to Mr. Massey. Pursuant to the clear terms of OCGA § 19-9-3 (e), this temporary custody award does not "constitute an adjudication of the rights of the parties." Accordingly, the trial court did not err in denying Mr. Massey's motion to dismiss further proceedings in this action.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 5, 1997.

*John W. Rhyne, Jr.*, for appellant.
*Charles Clements III, Steven M. Ellis*, for appellee.