S10F0843. PACE v. PACE.
(700 SE2d 571)

HUNSTEIN, Chief Justice.

Appellee Wesley Pace (Husband) filed an action for divorce against appellant Amanda Pace (Wife), seeking, inter alia, temporary and permanent custody of the parties' minor child. After a tempo-

rary hearing, at which both parties testified, the trial court awarded physical custody of the child to Husband and legal custody to both parties jointly. Approximately one year later, a bench trial was held, at which Husband and Wife both testified and presented multiple witnesses. The trial court thereafter entered a final judgment and decree of divorce awarding permanent physical and legal custody of the minor child to Husband. Wife moved for a new trial, which was denied following a hearing, and we subsequently granted Wife's application for discretionary appeal pursuant to this Court's Family Law Pilot Project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003). Because the trial court, in making its final custody determination, relied on evidence adduced at the temporary hearing without notifying the parties of its intent to do so, we reverse and remand.

As is apparent from both the final divorce decree and the order denying Wife's motion for new trial, the trial court relied substantially on testimony adduced at the temporary hearing in making its determination on permanent custody. It is likewise clear from the record that the parties were not on notice that such testimony would be considered by the court in making its decision on permanent custody. In fact, the record reflects that, as of the date of the final hearing, the transcript from the temporary hearing held more than one year earlier had not even been filed, and the trial court thus relied on its "memory and notes" in reaching its custody decision. At issue is whether the court's reliance on evidence from the temporary hearing, under these circumstances, was proper.

Neither the statutory provisions nor the court rules governing the conduct of child custody proceedings addresses the extent to which a trial court may rely on evidence from the temporary hearing in reaching its determination on permanent custody. Compare OCGA § 9-11-65 (a) (2) (expressly addressing trial court's consideration of evidence from interlocutory injunction hearing in its decision on permanent injunction). It is clear, however, that an award of temporary custody "differ[s] in its nature and purpose from an award of permanent custody." *Foster v. Foster*, 230 Ga. 658, 660 (198 SE2d 881) (1973). The temporary award is intended to create an interim arrangement that serves "[t]he best interests of the child pending adjudication of the rights of the mother and father," *Adams v. State*, 218 Ga. 130, 131 (126 SE2d 624) (1962), whereas an award of permanent custody constitutes "a final adjudication of the rights of the parties." Id.

Because of its interim nature and the need to expedite the temporary custody determination to minimize disruption to the children involved, "the temporary order is not governed by the same rules of law as the permanent custody [order]." *Foster*, supra, 230 Ga. at 660. See also *McEachern v. McEachern*, 260 Ga. 320, 322 (1)

(394 SE2d 92) (1990) (temporary awards may "reflect a court's determination made without a full hearing"). Temporary hearings are governed by Uniform Superior Court Rule 24.5, which provides that

> . . . [only] the parties involved and one additional witness for each side may give oral testimony. Additional witnesses must testify by deposition or affidavit unless otherwise ordered by the court. . . .

Id. at (A). In addition, "[e]xcept by leave of court, the minor child/children of the parties shall not be permitted to give oral testimony at temporary hearings." Id. at (B). By contrast, such evidentiary rules do not apply at the final hearing. See *Mink v. Mink*, 195 Ga. App. 760, 761 (1) (395 SE2d 237) (1990) ("[USCR] 24.5 by its own terms applies only to temporary hearings"). See also *Camp v. Camp*, 213 Ga. 65 (2) (97 SE2d 125) (1957) (testimony by affidavit, while permitted in support of temporary award, may not be relied on in support of permanent custody determination). As a result, the nature and quality of the evidence presented at a temporary hearing is likely to be different than that which is ultimately presented at the final hearing, and parties should ordinarily expect that only that evidence which their opponent sees fit to offer at the final, more formal hearing will be relied on to support the permanent custody award. See *Alford v. Alford*, 190 Ga. 562, 564 (9 SE2d 895) (1940) ("[a] rule that would permit the judge to base his judgment on knowledge gained elsewhere than on the trial at which it is rendered would . . . deprive[ ] [the other party] of the legal right to cross-examine, and otherwise try to controvert such alleged facts").

Accordingly, we now hold that, absent express notice to the parties, it is error for a trial court to rely on evidence from the temporary hearing in making its final custody determination. Because the trial court in this case committed such error, we reverse and remand for further proceedings not inconsistent with this opinion. See *Camp*, supra, 213 Ga. at 69 (2) (reversing permanent custody award due to trial court's consideration of improper evidence).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*W. Edward Meeks, Jr.*, for appellant.

*Stewart & Sheffield, Amos J. Sheffield*, for appellee.