### A10A2332. CARROLL v. CARROLL.
(704 SE2d 450)

JOHNSON, Judge.
Following a final hearing in this custody modification action, the trial court awarded primary physical custody of the three minor children to their father, Shane Carroll. The children's mother, Heather Carroll, appeals claiming that the trial court committed harmful error in reviewing testimony previously submitted by affidavit. We find no error because the mother does not show that the trial court considered the affidavits as evidence for purpose of the final hearing or used the knowledge derived therefrom to reach its decision in the matter.

The mother asserts, and the father does not dispute, that the parties submitted affidavits in anticipation of a temporary hearing which was subsequently cancelled by the agreement of the parties.

---

The mother shows that the trial court reviewed the affidavit testimony before the final hearing. She claims that the trial court improperly considered the affidavits, which were not admitted into evidence at the final hearing, for purposes of its final order.

We agree with the mother that the affidavits, although properly submitted in anticipation of a temporary custody hearing, did not upon their filing constitute evidence for purposes of the final hearing.[1] We also agree with the mother that the trial court was required to rule on the evidence presented at the final hearing and not on knowledge gleaned from affidavits that were not admitted into evidence.[2]

The flaw in the mother's argument is that she does not show that the trial court used the affidavits for an improper purpose. The mother shows only that before the presentation of evidence the trial court took a moment to make "a couple of observations," prefacing his statements by informing the parties that he had read the file, which included the affidavits, and that "I have digested them all." The trial court then professed his continuing surprise that people were willing to submit "issues involved in [their] relationship" to a judge for resolution. That the trial court prepared for the hearing by reading the case file is not error. Further, "[w]e will not assume that the judge considered anything outside of the evidence[ ] in rendering his judgment."[3] As the mother does not show that the trial court either considered the affidavits to be evidence or relied thereon in reaching its final decision, nor that the testimony of the numerous witnesses presented at the final hearing was insufficient to support the trial court's findings, we find no error.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 29, 2010 —

*W. Edward Meeks, Jr.*, for appellant.

---

[1] See Uniform Superior Court Rule 24.5; *Pace v. Pace*, 287 Ga. 899, 901 (700 SE2d 571) (2010) ("absent express notice to the parties, it is error for a trial court to rely on evidence from the temporary hearing in making its final custody determination"); *Camp v. Camp*, 213 Ga. 65, 66-70 (2) (97 SE2d 125) (1957) (testimony by affidavit improper in support of permanent custody determination).

[2] See *Pace*, supra, 287 Ga. at 901; *Alford v. Alford*, 190 Ga. 562, 564 (9 SE2d 895) (1940) ("[a] rule that would permit the judge to base his judgment on knowledge gained elsewhere than on the trial at which it is rendered would . . . deprive[ ] [the other party] of the legal right to cross-examine, and otherwise try to controvert such alleged facts").

[3] Id. at 564. See, e.g., *Jennings v. State*, 296 Ga. App. 767 (675 SE2d 623) (2009) ("there is a presumption, in the absence of a strong showing to the contrary, that the trial judge sift[ed] the wheat from the chaff, ignor[ed] illegal evidence and consider[ed] only legal evidence." (citation, punctuation and emphasis omitted).