## S11A1950. VAUGHN v. DAVIS.
(720 SE2d 636)

MELTON, Justice.

Michelle Vaughn (Wife) and David Davis (Husband) were divorced on November 24, 2004, and they received joint legal and physical custody of Victoria, their child together, and Thomas, who is Wife's child. Neither party was ordered to pay child support, but they were required to split expenses. In November 2010, Wife filed a motion for contempt in which she alleged that Husband had not properly reimbursed her for the children's medical expenses, and a conference was held at which both parties represented themselves. On January 18, 2011, Wife filed a pro se motion for change of custody and child support, and an interim hearing was held on January 25, 2011. Again, both parties appeared pro se. After hearing testimony from both parties and receiving financial affidavits, the trial court entered a temporary order awarding primary physical custody to Husband and visitation to Wife. In addition, Wife was ordered to pay child support, offset by amounts Husband owed Wife for the children's medical expenses.

After Wife retained an attorney, a final hearing on the matter was set for March 31, 2011. After this hearing, the trial court entered a final order once again granting primary physical custody to Husband and visitation to Wife.[1] Thereafter, Wife filed a motion for new trial, which the trial court denied. Wife now appeals this ruling,

---

[1] We do not reach the propriety of the trial court's decision to grant Husband custody of

contending, among other things, that the trial court erred by relying on evidence adduced at the temporary hearing.

In *Pace v. Pace*, 287 Ga. 899, 901 (700 SE2d 571) (2010), we stated:

> [T]he nature and quality of the evidence presented at a temporary hearing is likely to be different than that which is ultimately presented at the final hearing, and parties should ordinarily expect that only that evidence which their opponent sees fit to offer at the final, more formal hearing will be relied on to support the permanent custody award. See *Alford v. Alford*, 190 Ga. 562, 564 (9 SE2d 895) (1940) ("[a] rule that would permit the judge to base his judgment on knowledge gained elsewhere than on the trial at which it is rendered would . . . deprive[ ] [the other party] of the legal right to cross-examine, and otherwise try to controvert such alleged facts"). Accordingly, we now hold that, absent express notice to the parties, it is error for a trial court to rely on evidence from the temporary hearing in making its final custody determination.

In this case, the record and the trial court's final order explicitly show that the trial court relied on evidence from the temporary hearing to reach its final decision regarding custody of the parties' children, and there is no indication that the parties were notified in advance that this was going to happen. As a result, as in *Pace*, we must reverse the trial court's final order and remand for further proceedings.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Harrison & Medlin, Michelle R. Harrison,* for appellant.
David E. Davis, *pro se.*

---

Thomas, whom Husband had not yet legally adopted.