# Court of Appeals
# of the State of Georgia

ATLANTA,  April 01, 2026

*The Court of Appeals hereby passes the following order:*

## A26A0742. PAYNE v. MAROOKI et al.

On December 21, 2022, Wesley Payne sued Bassam Marooki and several others ("defendants") for negligence that allegedly occurred when Marooki's truck collided with Payne's vehicle. On May 5, 2024, defendants moved to dismiss the complaint, alleging, among other things, that Payne had wilfully failed to comply with discovery requirements, authorizing dismissal as a sanction pursuant to OCGA § 9-11-37. Two days later, Payne's counsel filed a suggestion of death indicating that Payne had died on March 12, 2024.

Following a December 2024 hearing, at which only defendants appeared, the trial court granted the motion to dismiss. In January 2025, Payne's counsel moved for reconsideration of that ruling, asserting that she had not received notice of the December hearing. On February 17, 2025, counsel also filed a motion for leave to amend the complaint to substitute Payne's estate as the party plaintiff. The trial court granted the motion for reconsideration on March 10, 2025, placing the case back in "active status circulation." It did not rule on the motion to substitute.

In May 2025, defendants filed a second motion to dismiss, arguing that the motion for reconsideration should not have been granted, that Payne's counsel failed to properly and timely bring the estate into the case, and that the litigation could not proceed with a deceased person as plaintiff. The estate administrator filed her own motion to substitute on June 19, 2025, requesting that she be substituted as the party plaintiff.

The trial court held a hearing on July 31, 2025, at which the court addressed the

defendants' motions to dismiss and the timeliness of the substitution effort. Defense counsel again raised the discovery violation issue, noting that the "failure to respond to discovery" formed part of the dismissal request. The trial court initially denied the motion to substitute parties in an order entered on August 12, 2025. Approximately one week later, however, the trial court vacated that order, granted defendants' original motion to dismiss based on discovery violations, and deemed moot all other pending motions, including the motions to substitute the estate as the party plaintiff. This appeal followed, with Payne as the appellant.

"A deceased person cannot be a party to legal proceedings." *Ashburn Bank v. Gorday*, 189 Ga. App. 565 (377 SE2d 30) (1988) (quotation marks omitted). Although the death of a party does not abate a pending lawsuit where the cause of action survives, "the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as party to the proceedings." Id. (quotation marks omitted). Until that time, "further proceedings in the case are void as to the decedent." Id. (quotation marks omitted). As "it appears that there is no living [appellant] in this case[,] ... the appeal is a nullity." Id. (quotation marks omitted). We therefore DISMISS this appeal with the admonition that all proceedings that occurred in the trial court after Payne's death, including the dismissal based on discovery violations, "are, as to [him], void." Id. (quotation marks omitted). On remand, the trial court shall address the motions to substitute the estate as the party plaintiff and, if necessary, consider again defendants' motions to dismiss.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/01/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*