A04A1109. JONES v. BURKS.
(599 SE2d 322)

ELDRIDGE, Judge.

In this child custody dispute, the noncustodial biological father, appellant-defendant Ralph Jones, challenges the Superior Court of Lowndes County's judgment awarding custody of his children to their

---

maternal grandmother, appellee-plaintiff Patricia Burks. We granted Jones' application for discretionary review to determine whether, as he contends, the award of custody to maternal grandmother Burks was error under the OCGA § 19-7-1 (b.1) "best-interest-of-the-child" standard for no finding that custody in him would harm the children and no finding that custody in Burks best promoted the children's welfare and happiness, both preliminary findings upon clear and convincing evidence. Such preliminary findings as mandatory and not made, we reverse and remand with direction.

The stipulated record[1] shows that Jones and Jennifer Sturgis met in high school while in California. Though they never married, two children were born of their relationship, both girls, ages six and seven at the time of the hearing. After the birth of their first child, Sturgis declined Jones' marriage proposal, instead electing to relocate to Valdosta, Georgia. Jones followed, moving in with Sturgis and her mother, Burks. Shortly thereafter, Jones, Sturgis, and the child returned to California where they lived with Jones' mother. A second child was conceived during this period; however, the relationship became strained and Sturgis again returned home to Valdosta.

Jones returned to Valdosta before his second child was born but soon moved back to California upon the belief that he could better support his family from there. Thereafter, he twice moved to Georgia to be nearer to his family, on each occasion moving back to California unable to repair his relationship with Sturgis. Four years after his final return to California, Jones found employment, met his fiancée, and, financially unable to fly back to Georgia, stayed in contact with his children by telephone and by sending them gifts of toys and money.

On February 28, 2003, Sturgis died suddenly, the apparent victim of an unknown disease. Upon returning to Georgia for the funeral, Jones learned that Burks had filed a custody action as the children's grandmother. Jones timely answered and counterclaimed. Following a hearing thereon at which Jones legitimated the children, see OCGA § 19-7-25 ("Only the mother of a child born out of wedlock is entitled to his custody, unless the father legitimates him as provided in Code Section 19-7-22. Otherwise, the mother may exercise all parental power over the child."), the superior court entered the complained-of order, awarding Burks sole legal and physical custody of the children, this as "in [their] best interest." *Held*:

Citing OCGA § 19-7-1 (b.1), Jones argues the award of custody was error for want of preliminary findings by clear and convincing

---

[1] Inasmuch as the hearing below was not transcribed, the parties stipulated the record on appeal upon the recollection of counsel.

evidence that custody in him would be harmful to the children and that custody in Burks best promoted the children's welfare and happiness.

Pertinently, OCGA § 19-7-1 (b.1) provides that

in any action involving the custody of a child between the parents or either parent and a third party . . . grandparent, . . . parental power may be lost by the parent . . . if the court hearing the issue of custody, in the exercise of its sound discretion and taking into consideration all the circumstances of the case, determines that an award of custody to such third party is for the best interest of the child or children and will best promote their welfare and happiness. There shall be a rebuttable presumption that it is in the best interest of the child or children for custody to be awarded to the parent or parents of such child or children, but this presumption may be overcome by a showing that an award of custody to such third party is in the best interest of the child or children. The sole issue for determination in any such case shall be what is in the best interest of the child or children.

Id. In order to meet the "best-interest-of-the-child" standard under OCGA § 19-7-1 (b.1), the third party must show by clear and convincing evidence: (1) that parental custody would harm the child physically or emotionally (not socially or economically),[2] this to rebut the statutory presumption in favor of the parent, *Clark v. Wade*, 273 Ga. 587, 598-599 (IV), (V) (544 SE2d 99) (2001); and, upon meeting its initial burden, the third party must show (2) that "an award of custody to him or her will best promote the child's health, welfare, and happiness." Id. at 598 (IV).

The complained-of order awards permanent custody of the children to maternal grandmother Burks upon concluding as a matter of law that the award is in the best-interest-of-the-child under OCGA § 19-7-1 (b.1). There are no findings by clear and convincing evidence establishing that custody of the children was awarded to Burks upon her meeting the applicable evidentiary burdens. *Clark v. Wade*, supra at 598-599 (IV), (V). Accordingly, we must reverse and remand the case for a hearing and findings not inconsistent with this opinion.

*Judgment reversed and case remanded with direction. Ruffin, P. J., and Adams, J., concur.*

---

[2] See *Chapin v. Cummings*, 191 Ga. 408, 413 (12 SE2d 312) (1940) (" 'paramount interest of the child' " not determined upon financial, educational, or moral advantage); see also 1983 Ga. Const. Art. I, Sec. I, Par. XXV (citizen's social status never proper subject of legislation).

DECIDED MAY 12, 2004.

*John G. Edwards, William D. Edwards*, for appellant.
*Mary K. Bahl*, for appellee.