**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 13, 2015**

# In the Court of Appeals of Georgia

A15A0534. JEWELL v. McGINNIS et al.

RAY, Judge.

Lindsey Jewell appeals from a final order entered by the superior court awarding joint legal custody of her daughter, C. M., to Jewell and to the child's paternal grandparents, Stephen and Diane McGinnis, with primary physical custody to the grandparents. The mother asserts, inter alia, that the trial court erred in failing to produce findings of fact and conclusions of law in its order awarding custody, that it failed to incorporate a permanent parenting plan into its final custody decision, that it improperly consolidated two separate cases, and that it considered inadmissible evidence when coming to its conclusion. For the following reasons, we vacate and remand the case with direction.

The facts are as follows. The mother and father divorced on April 29, 2013. The divorce and custody agreement awarded joint legal custody of C. M. to the father and mother. The father was granted physical custody, and the mother was granted visitation rights.

On April 24, 2014, the mother filed a complaint in the Superior Court of Newton County against the father seeking a temporary and permanent modification of the primary physical custody of C. M. due to the father's incarceration (the "Parent Custody action").[1] On the same day, the paternal grandparents filed an emergency motion for custody (the "Third-Party Custody action"). An emergency hearing was held on April 24, 2014, at which the trial court required the attendance of the paternal grandparents and the mother. Although the mother was not served with the Third-Party Custody action until June, 2, 2014, there is nothing in the record to indicate that the mother objected to proceeding with both actions at the temporary hearing. At the conclusion of the hearing, the trial court entered an emergency order of custody, granting temporary custody of C. M. to the paternal grandparents until the end of the

---

[1] By his failure to respond to the mother's request for admissions in the Parent Custody action, the father admitted that he was arrested on April 21, 2014, on a felony warrant for child molestation relating to multiple incidents of child molestation alleged to have been committed on M. T., the mother's child from a previous relationship.

school year, with custody alternating between the mother and the grandparents on a weekly basis thereafter. The father was barred from contact with the child.

On June 2, 2014, the mother and the paternal grandparents appeared for a temporary hearing in the Third-Party Custody action. The trial court entered a temporary order in the Third-Party Custody action which continued the same custodial arrangement set forth after the emergency motion hearing in the Parent Custody Action. The order further stated that it was joining the Parental Custody action and the Third-Party Custody action together under one action.

The mother and the paternal grandparents appeared on July 14, 2014, for a final hearing. At the hearing, the mother's counsel stated that the cases had not been properly merged and that no motion for intervention had been filed. In response, the trial court initially stated that it was merging the two cases "on its own motion" for the purposes of judicial economy. However, when the issue of proper venue was raised, the trial court reconsidered the merger and instead granted the paternal grandparents' motion to intervene in the Parent Custody action. The mother did not object. After the hearing, the trial court issued a final order granting joint legal custody of the child to the mother and the paternal grandparents, with primary physical custody to the paternal grandparents. The mother appeals from this order.

1. The mother contends that the trial court erred by improperly consolidating the Parental Custody case and the Third-Party Custody case. However, although the mother's counsel brought to the trial court's attention that the cases had not been properly consolidated, counsel did not object once the trial court orally consolidated them "on its own motion" or when it later retracted that ruling and allowed the paternal grandparents to intervene in the Parent Custody Action. Accordingly, this enumeration has been waived. See *Beloate v. Peden*, 328 Ga. App. 64, 68 (2) (761 SE2d 487) (2014).

2. The mother asserts that the trial court's decision was in error because it appears that the trial court improperly considered evidence presented during the emergency motion hearing in making its final custody decision. We disagree.

Although it is unclear what evidence the trial court utilized to make its decision because the final order contains no findings of fact or conclusions of law, the hearing transcript indicates that the trial court considered evidence presented at the temporary custody hearing. At the final hearing, prior to the call of the paternal grandparents' first witness, the trial court stated that the witness "has already testified. What is she going to testify to that is different from what she testified before? . . . [She] testified

4

at the temporary hearing, and if she is just going to reiterate that, there is no need for that."

In *Pace v. Pace*, 287 Ga. 899, 901 (700 SE2d 571) (2010), our Supreme Court held that "absent express notice to the parties, it is error for a trial court to rely on evidence from the temporary hearing in making its final custody determination." This is because "the nature and quality of the evidence presented at a temporary hearing is likely to be different than that which is ultimately presented at the final hearing[.]" Id. Yet, we find that the trial court's indication to the parties that the witness need not testify at the trial if her testimony was going to be redundant unmistakenly notified the parties that he might rely on the witness' prior testimony.[2] Thus, the requirements of *Pace* were met.

3. Citing OCGA § 19-7-1 (b.1), the mother argues that the award of primary physical custody to the grandparents was in error because the trial court failed to make findings, by clear and convincing evidence, that custody with her would be harmful to the child and that custody with the grandparents best promoted the children's welfare and happiness. We agree.

---

[2] We note that neither party lodged any objection to the court's indication that he did not need the witness to testify again as to matters which she had already testified to in the interlocutory hearing.

OCGA § 19-7-1 (b.1) provides, in pertinent part, that

in any action involving the custody of a child between the parents or either parent and a third party [including] grandparent[s] . . . parental power may be lost by the parent . . . if the court hearing the issue of custody, in the exercise of its sound discretion and taking into consideration all the circumstances of the case, determines that an award of custody to such third party is for the best interest of the child or children and will best promote their welfare and happiness. There shall be a rebuttable presumption that it is in the best interest of the child ... for custody to be awarded to the parent . . . , but this presumption may be overcome by a showing that an award of custody to such third party is in the best interest of the child. . . . The sole issue for determination in any such case shall be what is in the best interest of the child. . . .

In order to satisfy the "best interest of the child" standard under OCGA § 19-7-1 (b.1), the third party must show by clear and convincing evidence:

(1) that parental custody would harm the child physically or emotionally (not socially or economically), this to rebut the statutory presumption in favor of the parent; and, upon meeting its initial burden, the third party must show (2) that an award of custody to him or her will best promote the child's health, welfare and happiness.

6

(Citation, punctuation, and footnote omitted.) *Jones v. Burks*, 267 Ga. App. 390, 392 (599 SE2d 322) (2004). See also *Clark v. Wade*, 273 Ga. 587, 589-593 (II) (544 SE2d 99) (2001) (construing the best interest standard).

The complained-of order awards primary physical custody of the child to the paternal grandparents without making any findings of fact or law to support its award. The award does not specify that the custody award is in the best interest of the child under OCGA § 19-7-1 (b.1), and it does not state that its findings were made under the required clear and convincing evidence standard. See *Clark*, supra at 599 (V). The transcript of the hearing reveals that the trial court did not make any such findings orally at the time of the hearing. Accordingly, we vacate and remand the case for the trial court to make these findings under the required standard.

4. The mother also correctly asserts, and the grandparents concede, that the trial court failed to incorporate a permanent parenting plan pursuant to OCGA § 19-9-1. OCGA § 19-9-1 (a) provides, in pertinent part, that "[t]he final decree in any legal action involving the custody of a child . . . shall incorporate a permanent parenting plan." Accordingly, upon remand, we also direct the trial court to comply with the requirements of OCGA § 19-9-1.

7

5. As a result of our holdings in Divisions 1-4, we need not address the mother's remaining arguments.

*Judgment vacated and case remanded with direction. Barnes, P. J., and McMillian, J., concur.*